## Neth et ux., Appellants, *v.* St. John's Reformed Church of Hempfield Township.

Argued March 21, 1939. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John S. VanKirk,* for appellants.

*Z. T. Silvis,* for appellee, was not heard.

OPINION BY MR. JUSTICE MAXEY, May 25, 1939:

This is an appeal from a decree dismissing a bill for specific performance of a contract for the sale of land. The Chancellor found that there was no "meeting of the minds of the parties" and therefore no contract. The court in banc agreed with him and the decree nisi was made absolute. The reason given by the court for this order was that "the contract in question was not signed by the vendor or grantor" and that there was not sufficient evidence in writing of the contract to remove it from the Statute of Frauds and that the authority of the appellees' agents to bind the corporation was not shown. This appeal followed.

John W. Neth and Dale A. Neth, his wife, the plaintiffs in the court below, filed a bill in equity against St.

John's Reformed Church, alleging a written contract between the parties for the sale of a piece of real estate. An answer was filed by the church, a corporation of the first class (and by section 3 of Article I of the "Non-profit Corporation Law" of 1933, P. L. 289, 15 PS 2851-3, subject to the provisions of that Act) ; that there is no contract in writing sufficient to avoid the Statute of Frauds and no authority to bind the church shown in Rev. John A. Kleinginna, the minister of the church, and ex-officio President of the congregation and the Board of Consistory, and C. W. Walthour, Secretary of the church. The facts leading up to the cause of the action were that on May 9, 1936, the church held a mortgage in the amount of $3,000 against the property of the appellants. This property comprised ten acres and on it there were a two-story frame dwelling house, a garage and other improvements. The mortgage being in default as to both principal and interest on that date, the church foreclosed and the property was sold at sheriff sale, and a three-quarter interest was taken over by the church. The other one-quarter interest was in the Estate of Peter Moore, deceased. The appellants then entered into negotiations to secure the repurchase of the property and "approached various members of the consistory . . . with regard to obtaining the said premises back unto themselves." The bill sets forth "that finally after many conferences and many changes of conditions the . . . church . . . entered into a written agreement on the 8th day of November, 1937, through their duly authorized officer and president of the Board of Consistory, John A. Kleinginna with your orators, wherein and whereby they agreed for the consideration therein mentioned to return to your orators, their certain properties known and described as 'those certain properties in Rostraver Township, Westmoreland County, Pennsylvania, formerly owned by' John W. Neth and Dale A. Neth, his wife, and which are the properties described by metes and bounds as aforesaid.

Said agreement was immediately and duly accepted by your orators. A copy of said agreement is annexed hereto, made part hereof and marked Exhibit 'A.' Said agreement as aforesaid was orally accepted by the Neths. . . ." The answer by the church to this averment is a specific denial "that any contract was entered into between" the parties, "and it is denied that any agreement was made through the President of the Board of Consistory, John A. Kleinginna, in regard to the property . . .; and it is denied that plaintiffs' Exhibit 'A,' attached to the bill of complaint, was an agreement or contract . . ." Plaintiffs' Exhibit "A" was eleven separate letters, communications and writings, beginning with the dates February 6, 1937, and ending December 1, 1937, and they were all offered in evidence as Plaintiffs' Exhibits 1 to 10, with the exception of a letter dated August 28, 1937, addressed to "Mr. C. W. Walthour" and signed "John W. Neth," advising him that "we may need a little more time. I will let you know just as soon as I have something more definite, and in the meantime please bear in mind we are just as anxious to get settled up as you folks are. I will write again in the next week or ten days."

Do these papers and exhibits constitute sufficient evidence in writing of a contract for the conveyance of this real estate? Exhibits Nos. 1 and 2 are letters addressed to "Mr. John W. Neth" and signed "John A. Kleinginna." They appear to be purely personal notes in which the minister expresses a desire to coöperate with Mr. Neth in getting him his "property back" and asking Mr. Neth to keep him "posted on the progress that you are making." The letters are dated February 6, 1937, and March 4, 1937. These letters could in no way bind the church corporation, and apparently were not relied upon by appellant. The next exhibits are two notes one addressed to "Mr. Neff" and the other to "Dear Sir," dated "July 28, 37" and "Aug. 2, 1937," signed "Art A. Kennan," and marked plaintiffs' Ex-

hibits Nos. 8 and 9 respectively. The first letter expresses a desire that Mr. Neff "meet the church officers," at a suitable time "next week." The second letter says: "all arrangements are *satisfactory* for *Thursday* at 7 o'clock at church." Apparently Thursday was August 5, 1937, and on that date Plaintiffs' Exhibit 3 was executed by the parties. This agreement is dated August 5, 1937, and states that "the following *tentative* agreement was entered into . . . between the consistory . . . and John W. Neth and Dale A. Neth, his wife . . . :

"1. That in consideration of the sum of $3,400.00, the party of the first part agrees to sell to the party of the second part all of the interest which the party of the first part now owns in those certain properties in Rostraver Township . . ., formerly owned by the party of the second part.

"2. That the above agreement is dependent upon the following (A) that the congregation of St. John's Reformed Church, Harrolds, shall endorse this agreement; (B) that the party of the second part shall be successful in securing the above amount within the next thirty days."

This is signed "Party of the First Part Consistory of St. John's Reformed Church, John A. Kleinginna, President, C. W. Walthour, Secretary. Party of the Second Part, John W. Neth, Dale A. Neth." This agreement was next followed by a letter, dated "Aug. 18, 1937" addressed to "My dear Mr. Neth" saying "that the Harrold Congregation has authorized the consistory of the church to carry out the agreement that had been entered into between the consistory and (John W. Neth and Dale Neth) so I guess the next move is up to you. Let us know when you will be ready." This letter was signed by C. W. Walthour, Secretary of the church, and was offered as Plaintiffs' Exhibit No. 6. Then follows the letter of August 28, 1937, referred to above, which was not offered in evidence but which is part of Exhibit

"A" attached to the bill. It was written in answer to the letter of August 18, 1937. The court in banc found that "Exhibit No. 3 which designates itself a 'tentative agreement' under the date of August 5, 1937, and which was signed by the parties, admittedly was not complied with by the plaintiffs, and was attempted to be replaced by Exhibit No. 10 under date of October 21, 1937, which latter exhibit, while signed by the plaintiff, was no more than a proposition inasmuch as it was not executed by the defendant church or anyone on its behalf." The court in banc also found that "the only contract attempted to be signed or executed by the vendor or grantor was the so-called 'tentative agreement' under date of August 5, 1937, as evidenced by plaintiffs' Exhibit No. 3. On this agreement plaintiffs defaulted and do not even now contend that they could comply with it. Consequently it would be futile for the court to enforce specific performance of it if we could or should." These findings were not assigned for error.

Appellants' brief states: "The *final agreement* and the *one* which the appellants *seek to enforce* arose out of a proposal by the Neths, appellants, as contained in Exhibit No. 10, which is a proposal on the part of the Neths to turn over a $4,000 mortgage on an apartment house owned and inherited by Mrs. Neth, subject to certain conditions in return for which the appellee herein was to satisfy the judgment it held against the appellants and to deed over or back to Mrs. Neth, the three-quarter interest it had acquired at the sheriff sale aforesaid. This proposal was accepted by the St. John's Reformed Church by letters of the President thereof dated November 1st, 1937, and marked Plaintiffs' Exhibit No. 5 and letter of C. W. Walthour, Secretary, dated December 1st, 1937, and marked Plaintiffs' Exhibit No. 7." The appellants having defaulted on the contract signed by the vendor church—the party to be charged—which is Exhibit No. 3, this court can only come to the same conclusion as the court below, to wit, that this

contract is not a part of the contract sought to be enforced and does not qualify for specific performance.

What then is the contract sought to be enforced? The appellants state in their brief that they "rely upon the following exhibits to base their contract in writing to be sufficient to take their case out of the Statute of Frauds, viz.: Exhibit No. 10, which constitutes their proposal, Exhibits Nos. 4, 5, and 7, which constitute the acceptance, together with the testimony on the part of themselves, that they were ready and did comply with the request of the appellee as to clearing taxes and encumbrances listed against them."

Exhibit No. 10 is merely a proposal by the appellants to the church that Mrs. Neth "will give you a new mortgage on her apartment house for $4,000 with payments to be made as follows: $30.00 on the principal, plus interest at 6% on deferred payments, at the end of each month. . . ." This proposal was signed by Dale A. Neth and John W. Neth and is followed by "St. John's Reformed Church, by ——————— (Seal)." On the bottom of this page is the following writing in ink: "This agreement is not binding until the above conditions have been complied with and the property (apartment house) is free of all debt." On November 1, 1937, upon the personal stationery of Rev. John A. Kleinginna, the latter wrote to Mr. Neth stating that "at a meeting of the consistory of the St. John's Reformed Church, Harrolds, which was held yesterday, the following motion was passed: 'Moved by Mr. A. A. Keener and seconded by Mr. Wilbur Taylor, that Mr. John W. Neth be advised that when all taxes and liens against the apartment house belonging to Mrs. Dale Neth are satisfied, St. John's Reformed Church, Harrolds, will accept the $4,000 First Mortgage, as agreed, the same to be affected within fifteen days from the date of this letter. Mr. Neth is to notify the secretary of the consistory, Mr. Charles W. Walthour, when he is ready so that a meeting can be arranged at an appropriate

time with a committee from the consistory and the legal representatives for both sides.' Please notify me at once as to your plans so that we will know what you expect to do. We hope this matter can be settled without any further delay." This letter is not signed by the church corporation but is merely signed by "John A. Kleinginna." The appellants contend that it was signed by him as president of the consistory. The testimony on the part of the plaintiff shows that he is president ex-officio. What the duties and authority of the president ex-officio are, is not disclosed in the testimony, and the by-laws of the church corporation were not offered in evidence. There is absolutely nothing to indicate that this letter is or was intended to be a corporate instrument. It was not signed in the name of the corporation. It does not come within the Act of Assembly of May 12, 1925, P. L. 615 (15 PS page 131, sec. 61). That there is a distinction between the consistory and the congregation becomes evident in the consistory's agreement of August 5 and designated Exhibit No. 3. There, while the consistory entered into the agreement, it was "dependent upon . . . the congregation of St. John's Reformed Church, Harrolds, . . ." endorsing the agreement. Section 308 of Article III of the "Nonprofit Corporation Law" of 1933, 15 PS 2851-308, expressly provides that "unless its articles or by-laws provide for the approval of another body, a non-profit corporation shall not . . . sell . . . or otherwise dispose of any real estate, unless and until a resolution authorizing the same shall have been approved by a majority of the members of the corporation at a regular or special meeting, duly convened upon proper notice of this purpose. . . ." This express mandate of the legislature is not shown to have been complied with. Exhibit No. 4 shows only "a meeting of the consistory" of the church, and this body, "unless its articles or by-laws provide for the approval" by it, could not sell this real estate, "unless and until a resolution authorizing

the same shall have been approved by a majority of the members of the church corporation." No such resolution is in the record. Exhibit No. 5, relied upon by the appellants as part of the final agreement which they sought to enforce, is an answer by John A. Kleinginna to Mr. John Neth. It is dated November 8, 1937. It is apparently an answer to a letter written by Mr. Neth, which involved "a question" which "was discussed" in the consistory. What this letter contained is not known for it was not offered in evidence. It was presented, however, to the consistory, for Rev. Kleinginna writes "the point in question was discussed, after which I was instructed to write you." The consistory interpreted "this point" relating to default in payments on the Mrs. Neth's apartment house mortgage. Rev. Kleinginna then writes as follows: "It is further agreed and I was instructed to make this point emphatic: settlement of this matter is to be made on or before November 23, 1937. That will give you fifteen days from the date of this letter . . .." This letter, like others above referred to, does not bear the imprimatur of the corporation or any other evidence that it was intended to be a corporate instrument. On November 29, according to the Plaintiffs' Exhibit No. 7, Mr. and Mrs. Neth made a visit to Mr. Walthour and on December 1st, which is the date of the Exhibit No. 7, the latter wrote them that he "saw and called members of our consistory and they told me to make arrangements for meeting and settlement." He further advised them that the attorney for the church would arrange a suitable date and he would let them know. He then wrote "of course now this will be according to agreement in our last motion and last letter that Rev. Kleinginna sent you."

Both Exhibits No. 5 and No. 7 are in law as ineffective to support "the final agreement" as is Exhibit No. 4 and for the same reason. The power of the consistory to sell the real estate of this non-profit corporation came into being only if the church articles or by-laws so pro-

vided. The duty to prove the consistory's power was affirmatively upon the appellants. The articles of incorporation which presumably are recorded in Westmoreland County were not offered in evidence by the appellants, and neither were the church corporation's by-laws. It cannot be presumed that this power is vested in a body other than that provided by law. It must be presumed that this power is vested only in "a majority of the members of the corporation at a regular or special meeting, duly convened upon proper notice of this purpose," unless it is shown that "the articles or by-laws provide for the approval of another body." Endlich on Interpretation of Statutes, sec. 434, page 614, note (d), says: "When a company or public body is incorporated or established by statute for special purposes only, and is altogether the creature of statute law, the forms prescribed for its acts and contracts are imperative and essential to their validity.".

There being failure of proof of the due acceptance by the consistory of the Neths' offer, the offer stands unaccepted. In this state of the record the plaintiffs below had no standing to ask a court of equity to decree the specific performance of the alleged contract pleaded.

Our conclusion makes it unnecessary to discuss the admissibility or competency of the plaintiffs' Exhibit 4, containing the alleged motion of the consistory, which appears to be clearly secondary evidence of this motion, with no attempt on the part of the appellants to explain away the absence of the best evidence, namely, the original motion: see *Peoples Tr. Co. et al. v. Consumers Ice & Coal Co.*, 283 Pa. 76, 82, 128 A. 723; or the authority of a "president ex-officio," to legally consummate a real estate contract for a corporation, without some evidence of his authority to do so; or to discuss the uncertainty of the substantial terms of this contract; or whether this contract could be enforced by the use of parol testimony to establish its essential parts.

Here the appellants set up a contract prima facie non-enforceable because of its unconformity to the Statute of Frauds. The appellee-church corporation, "the party to be charged thereon" denies "that any contract was entered into between" it and the appellants. It was then entitled to interpose the statute: *Brown v. Aiken,* 329 Pa. 566, 579 (n3), 198 A. 441; *Sferra v. Urling,* 328 Pa. 161, 195 A. 422. A proper party having invoked the statute, the courts must be obedient to its prescriptions.

The decree is affirmed, at appellants' cost.