NETH et al. v. KAYLOR et al.
No. 457 Civil.

District Court, W. D. Pennsylvania.
Feb. 7, 1941.

Robert M. Carson, of Greensburg, Pa., for John Kleinginna.

Z. T. Silvis, of Greensburg, Pa., for all defendants.

GIBSON, District Judge.

The complaint purports to set forth a joint action against four defendants for deceit and fraud. An answer and counterclaim was filed on behalf of the defendants, but signed by only three of them. By the answer one of the defendants is alleged to be a resident of the Eastern District of Pennsylvania, but an appearance was entered for him by the attorney who filed the answer (termed an affidavit of defense and counterclaim) for all defendants. The answer was filed on August 24, 1939. On September 8, 1939, another attorney appeared for the alleged non-resident defendant and moved to dismiss the complaint as to him, asserting as reasons therefor, first, that the complaint failed to state a claim against the defendant upon which relief can be granted; second, lack of jurisdiction, all parties being residents of Pennsylvania, and third, improper venue. On August 29, 1939, plaintiffs by their attorney moved to strike off the "Affidavit of Defense and Counterclaim", alleging, first, that the attorney who filed the affidavit does not represent the non-resident defendant, although he filed the pleading for him; second, that the affidavit and counterclaim were not pleadings of the non-resident defendant, as he had not signed the same, and third, that the counterclaim does not show a cause of action against plaintiffs.

■ The record does not disclose any withdrawal of the appearance for the non-resident defendant by the attorney who filed the answer, so two of the reasons for dismissal of the answer and counterclaim seem to fall. And the defendant is not required to sign or make affidavit to his answer (see Rule 11, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c). It was signed by his attorney.

■ The court, it must be confessed, is puzzled by the fact that one attorney for a defendant has filed an answer, while another has filed a motion to dismiss the complaint. The defendant's right hand has evidently not known what his left hand was doing. This situation, in itself, would prevent the court from dismissing the complaint, but even though the answer were non-existent, the court is of opinion that the complaint is reasonably sufficient as a pleading.

Notice of the motion of counsel for the plaintiff to strike off the answer and counterclaim seems not to have been given counsel who filed that pleading, and the motion was therefore not argued. The only order to be made at present is one denying the motion to dismiss.

However, in the interest of possible saving of time, and as suggestive, some comment is made upon matters appearing in the pleadings.

As a part of the fourth paragraph, the complaint sets forth the following: "The plaintiffs, hereto, make part hereof, proceedings at No. 1794 in Equity of the records of Westmoreland County, Pennsylvania and case No. 69 March Term 1939 of the Supreme Court of Pennsylvania." Nothing further is added to this matter, but the answer amplifies the reference. The plaintiffs filed a bill in equity in the Court of Common Pleas of Westmoreland County, wherein they prayed specific performance of an alleged contract with St. John's Reformed Church, of which present defendants were members of the Consistory, for the sale of a tract of land. The Court of Common Pleas dismissed the bill, and the Supreme Court sustained the judgment. In the opinion of the Supreme Court, by Mr. Justice Maxey, 335 Pa. 155, 6 A.2d 421, the evidence, written and oral, has been detailed at great length. If correctly quoted, and the same evidence is offered, the plaintiffs cannot hope to recover in this action.

■ After denying the allegations of the complaint, the defendants set forth a counterclaim, wherein they charge that plaintiffs filed the instant suit for the purpose of injuring the reputations of defendants. A pleading in a court action may be libelous, but if so, it is because matter has

been injected which is not pertinent and relevant to the issues. If pertinent and relevant to the issue, however, statements in a judicial proceeding are privileged. The matter set forth in the complaint institutes the issue and necessarily is relevant. If not true, it is to defendants damnum absque injuria.