VON MAILATH et ux.
v.
ORDER OF DAUGHTERS OF THE DIVINE REDEEMER.

Civ. A. No. 8542.

United States District Court,
W. D. Pennsylvania.

Dec. 18, 1953.

Thomas W. Pomeroy, Kirkpatrick, Pomeroy, Lockhart & Johnson, Pittsburgh, Pa., for plaintiffs.

William H. Eckert, Smith, Buchanan, Ingersoll, Rodewald & Eckert, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is an action to recover $25,259 plus interest from a nonprofit charitable Pennsylvania Corporation on an instrument executed in Budapest, Hungary, on October 9, 1939.

This matter relates to a motion for summary judgment. Rule 56(b), Rules of Civil Procedure, 28 U S.C.A.

■■ A motion for summary judgment should not be granted if there is an issue presented as to the existence of any material fact, Sarnoff v. Ciaglia, 3 Cir., 165 F.2d 167; and in considering such a motion, the court should take the view of the evidence most favorable to the party against whom it is directed, giving to that party the benefit of all favorable inferences that may be drawn from the evidence. Ramsouer v. Midland Valley R. Co., 8 Cir., 135 F.2d 101.

Viewing the evidence in the light most favorable to plaintiffs, plaintiffs offer to prove that plaintiffs in the Fall of 1939 delivered to the foreign financial adviser and agent of the Orders of the Daughters of the Divine Redeemer, at Budapest, Hungary, 42,500 Dutch Guilders and mortgage bonds of the Order having a market value of 5000 Guilders. That a note was executed by Mother M. Sabina Horvath as the Provincial Superior of The Order of the Divine Redeemer, a Pennsylvania nonprofit corporation, having its principal place of business at St. Joseph's Convent in Elizabeth Township, Allegheny County, Pennsylvania. That said note was executed in Budapest, Hungary, in satisfaction of the advancements made by plaintiffs to the "mother" organization in Hungary.

No person in authority at the defendant convent learned that Mother Sabina had signed the document in suit or any similar instrument until nine years later, when claim on the instrument was first made.

The motion for summary judgment is premised upon the defense that no one was ever authorized by defendant nonprofit corporation to make, sign or deliver such instrument or incur any such obligation.

The plaintiffs admittedly cannot produce any evidence to show that Mother Sabina was authorized by the nonprofit corporation to bind it by signing the instrument. Nor can plaintiffs produce any by-law in the articles of incorporation which might confer any such authority upon any one individual.

Section 308 of the Pennsylvania Nonprofit Corporation Law of 1933 reads as follows:

"Unless its articles or by-laws provide for the approval of another body, a nonprofit corporation shall not borrow money, or purchase, sell, lease away, or otherwise dispose of any real estate, unless and until a resolution authorizing the same shall have been approved by a majority of the members of the corporation at a regular or special meeting, duly convened upon proper notice of this purpose." 15 P.S.Pa. § 2851–308.

■ The appellate courts of Pennsylvania have consistently held that the type of contracts enunciated in the statute are not binding upon a nonprofit corporation unless they have been approved by a majority of the members of the corporation at a duly called meeting, or by the board of trustees, or directors

—if the power to do so has been expressly conferred upon them by the corporation's charter or by-laws. Neth v. St. John's Reformed Church of Hempfield Township, 335 Pa. 155, 6 A.2d 421; Harrisburg Firemen's Relief Association of Pennsylvania v. East End Democratic Club of Harrisburg, 43 Pa.Dist. & Co. 93.

 The purpose of Section 308 of the Nonprofit Corporation Law is plain. If there were no such limitations on charitable corporations, their assets could easily be dissipated and diverted to objects other than those for which they, or the funds to buy them, were donated to the charities. The result would be that charitable corporations would be in constant danger of bankruptcy and the public would be discouraged from contributing to the support of charities. It is not difficult to envision the chaos which would result from a holding that a single officer of a Pennsylvania charitable corporation could obligate the charity on an instrument for $25,000 by signing herself while abroad, without even the knowledge of any other member or officer of the corporation.

Plaintiffs' contention that statutory authority for defendant's conduct, in the execution of the instrument, could be sustained under the provisions of Section 7 of the Act of April 26, 1855, P.L. 328, as amended by Section 1 of the Act of June 20, 1935, P.L. 353, 10 P.S.Pa. § 81, which relates to the control of ecclesiatical corporations.

 I have most thoroughly reviewed the provisions of this Act, and the appelate decisions which relate thereto, and I must conclude that to apply this enactment to the case at bar would necessitate a most tortured construction, as the Act relates specifically to the exercise of control over ecclesiastical real or personal property, and in no way confers authority upon any individual to bind a religious corporation in the issuance of an instrument which would legally bind said organization.

In view of the inability of plaintiffs to establish fulfillment of the safeguards, required by the Pennsylvania Legislature in Section 308 of the Nonprofit Corporation Law of 1933 in connection with the issuance of the instrument upon which suit is brought, there exists no issue as to any material fact requiring trial.

The defendant, therefore, is entitled to judgment as a matter of law.

An appropriate Order is entered.