## Schwartz, Appellant, *v.* Mahoning Valley Country Club.

Argued May 2, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Carl A. Niehoff*, with him *Albert P. Leonzi* and *Deutsch & Leonzi*, for appellants.

*Henry Houck,* with him *George M. D. Richards, Howard Miller, R. M. Harris* and *James P. Bohorad,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, May 23, 1955:

The plaintiffs brought this action of assumpsit to recover $16,900 with interest, representing the balance of the purchase price for a tract of land allegedly conveyed by them to the defendant, Mahoning Valley Country Club, a Pennsylvania nonprofit corporation, by a deed dated January 2, 1951. At the conclusion of plaintiffs' evidence the court below, on defendant's motion, entered a compulsory nonsuit on the ground that plaintiffs had not proven that the purchase was authorized by a resolution, approved by a majority of the members of the defendant corporation as required by the Nonprofit Corporation Law (Act of May 5, 1933, P. L. 289, 15 PS §2851-1 et seq.). Plaintiffs' motion to take off the nonsuit was subsequently denied and this appeal followed.

Plaintiffs' evidence, consisting solely of the plaintiff husband's testimony and the deed, established the following facts which they contend were sufficient to make out a prima facie case. After preliminary negotiations between the husband plaintiff and the defendant's vice-president an agreement of sale[1] was entered into on August 10, 1950 wherein the plaintiffs agreed to convey a portion of their land to the defendant for the sum of $17,000, $100 being paid upon execution of the agreement and the balance to be paid on delivery of a deed. A deed was delivered to the president of the corporation on January 2, 1951 but the balance of the consideration was never paid and the deed was not returned until January 16, 1952. There

---

[1] The agreement of sale was not introduced into evidence.

was also testimony by this witness that during the period in which the deed was retained the officers of the corporation attempted to have the agreed upon price of the land reduced and that this offer was rejected by the plaintiffs.

Section 308 of the Nonprofit Corporation Law, as amended August 17, 1951, P. L. 1287, provides, inter alia, as follows: "Unless its articles or by-laws provide for the approval of another body, a nonprofit corporation shall not borrow money, or *purchase,* sell, lease away, or otherwise dispose of *any real estate, unless and until a resolution authorizing the same shall have been approved by a majority of the members of the corporation, . . . at a regular or special meeting, duly convened upon proper notice of this purpose. . .".* (Emphasis supplied). Compliance with the procedure prescribed in this section of the Act has been held imperative and essential to the validity of a nonprofit corporation's acts and contracts thereunder. The burden is upon the claimant to prove that the express mandate of the Legislature was complied with either by a resolution authorizing the conveyance, approved by a majority of the members of the corporation or by proving that the articles or by-laws provide for the approval of another body: *Neth et ux. v. St. John's Reformed Church of Hempfield Township,* 335 Pa. 155, 6 A. 2d 421. Admittedly the record is devoid of any evidence tending to show that the members or some other authorized body approved the conveyance in question and consequently, the plaintiffs failed to sustain their burden in this regard.

The plaintiffs also argue that the corporation is estopped from setting up the defense of no authority since it has accepted the benefits of the transaction by retaining the deed for a period of over one year, thereby ratifying the acts of its officers. This conten-

tion is without merit for substantially the same reason, failure of proof. At most the plaintiffs' evidence disclosed that the officers of the defendant accepted and retained the deed. The record is barren of any evidence that the members of the corporation had knowledge of the agreement of sale or the deed between plaintiffs and the officers of the corporation or that they did anything from which ratification could be lawfully presumed. The question of ratification could not arise in the absence of proof that the members had full knowledge of all the material facts and circumstances attending the transaction intended to be ratified, for the doctrine presupposes knowledge of such facts. As was stated in *Sword v. Reformed Congregation Keneseth Israel*, 29 Pa. Superior Ct. 626 at p. 630: ". . . Ratification implies knowledge of the material facts, and to be effective must be made by persons having the power to perform the act which is the subject of ratification. In the absence of evidence that the facts were communicated to the party, or that he had knowledge of them and assented to the acts alleged to have been done for him, the question of ratification should not be submitted to the jury: . . .".

The only other contention raised by the plaintiffs is that the court below erred in failing to apply Section 303-B of the Nonprofit Corporation Law which provides, in effect, that no conveyance to a nonprofit corporation shall be invalid or fail because the board of directors or officers of the corporation have exceeded any of the corporation's purposes or powers. This section of the enactment, relating to acts characterized as "ultra vires", is clearly inapposite. In the instant case the defendant unquestionably had the power to acquire and sell real estate but the power conferred was not exercised in accordance with the provisions of the statute. The doctrine of "ultra vires"

has application only where the subject matter of the contract is foreign to the purposes for which the corporation was created, not to the improper use of a designated or incidental purpose or power.

Judgment affirmed.

Mr. Justice BELL dissents.