# Hughes *v.* Eleventh Ward Republican Club, Appellant.

Argued April 22, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD and JONES, JJ.

*Samuel B. Brenner,* with him *Alexander Brodsky* and *Brenner & Brenner,* for appellant.

*Theodore R. Mann,* with him *Maximillian J. Klinger,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, June 3, 1957:

In 1903 the 11th Ward Republican Club was organized as a nonprofit corporation, "to unite in a social and political organization the Republican voters of the 11th Ward to foster and promote the principles of the Republican Party; to educate the young men to loftier appreciation of their relations to National, State and Municipal Governments, and to encourage them to an active participation in the nominations and election of capable public officers."

These principles were advanced and carried out until 1951, when a gradual but certain decline in the furtherance of the corporate purposes occurred. In 1954, the club premises, which housed facilities for selling beer and liquor, were sold. The following year it failed to elect officers as required by the State Liquor Control Board, and during the entire period of decline neglected to hold meetings and carry out the corporate purpose.

The appellant produced no testimony in its own behalf.

Plaintiffs, who are eighteen of thirty-one members, sought an accounting by the corporate officers, with dissolution and distribution of its assets. Accordingly, the court below entered judgment of ouster in favor of the plaintiffs and against the defendant nonprofit corporation, and dissolution. This appeal followed.

Appellant contends that only by the Attorney General can this action be maintained for the dissolution of a nonprofit corporation.

The Act of 1836, P.L. 621, §2, 12 PS §2022, reads: ". . . any person or persons desiring to prosecute the same" may bring an action of quo warranto. Con-

sistently we have required that a *private wrong* as distinguished from a public wrong must exist before a private individual can institute the extraordinary remedy without the intervention of the Attorney General: *Sherman v. Yiddisher Kultur Farband,* 375 Pa. 108, 113, 99 A. 2d 868. See *Commonwealth ex rel. Cartwright v. Cartwright,* 350 Pa. 638, 40 A. 2d 30, where a quo warranto was sought to oust corporate directors who claimed their office by reason of voting fractional shares. Before the remedy is available the aggrieved persons must have an *individual interest* that will be affected.

Here the plaintiffs constitute a majority of the club membership. Each member is vitally interested in the club, at least pecuniarily, since in the event of dissolution the remaining assets will be divided among them. Unquestionably they have the requisite standing and interest to maintain the action without the Attorney General, whose interest in quo warranto proceedings for dissolution is limited to those having a public interest, not a private interest: *Commonwealth ex rel. v. American Baseball Club of Philadelphia,* 290 Pa. 136, 138 A. 497.

In *Dorris v. Lloyd (No. 2),* 375 Pa. 481, 483, 100 A. 2d 599, the then Chief Justice STERN stated: "The Act of June 14, 1836, P.L. 621, section 2, provides that the writ of quo warranto may be issued 'upon the suggestion of the Attorney General, or his deputy, in the respective county, or of any person or persons desiring to prosecute the same.' But the words 'any person or persons desiring to prosecute the same' have uniformly been held to mean any person having an interest of his own to be affected, or a wrong to be redressed, separate and distinct from that of the Commonwealth or the community in general, and not to give to a private person the use of the writ in the case

of a public right involving no individual grievance. In the absence of such a special interest, differing not merely in degree but in nature and kind from that of the public at large, a private individual cannot demand a judgment of ouster on a writ of quo warranto." See opinion of Judge ALPERN in *Wotherspoon v. Ackerman,* 102 Pitt. L.J. 250, 256-258.

Significantly, as the lower court points out, the Attorney General informed the plaintiffs that the dispute was a private wrong and " '. . . distinct from that [a public wrong] of the Commonwealth,' and thus a quo warranto suit need not be instituted at the relation of the Attorney General."

The appellant also contends that a nonprofit corporation does not forfeit the corporate franchise for failing to exercise all its powers. But in this instance the respondent, through its officers, has been charged with misuse or abuse of corporate rights and powers, rather than the mere failure to exercise such powers. Plaintiffs allege and the lower court found: refusals to conduct meetings according to the constitution and by-laws; failure to elect officers annually; depletion of corporate resources; total absence of corporate purposes; and a general state of dissipation of the club property, so that the club's sole purpose and existence was to sell beer and liquor on week-ends. Furthermore, the corporation purchased real estate without strictly complying with the provisions of the Nonprofit Corporation Law of 1933, as amended 1951, August 17, P.L. 1287, §2, 15 PS 2851-308. Precisely the corporate evils which this section was designed to eliminate had occurred, to wit: diversion and dissipation of corporate assets: *Von Mailath v. Order of Daughters of the Divine Redeemer,* 117 F. Supp. 93; *Schwartz v. Mahoning Valley Country Club,* 382 Pa. 138, 141, 114 A. 2d 78.

Moreover, the instant organization was in such a state of inactivity that it required the redemption of bonds valued at approximately $10,000 in order to maintain itself since 1951.

The opinion of the lower court is fully justified and the judgment is affirmed, with direction to the court below to grant the relief prayed for.