## Brourman v. Reed

*Lawrence Davis,* for plaintiff.
*James Stratton,* for defendant.

ABOOD, *J.,* February 14, 1980—The Mabro Company, contractor (hereafter plaintiff), filed a mechanic's lien claim against Donald F. Reed and Ethel M. Reed. Donald F. Reed is deceased and Ethel M. Reed (hereafter defendant) is the surviving owner of the real estate located at 404 Burno Street, Gallitzin Borough, Cambria County, Pa.

The mechanic's lien was filed on August 21, 1978 for work and materials furnished between May 3,

1977 and June 17, 1978 arising from a repair and/or remodeling project on the subject premises.

On November 8, 1978, a complaint was filed by plaintiff against defendant seeking to reduce the amount of the mechanic's lien to judgment.

Defendant filed an answer and new matter to the complaint asserting that she did not contract with plaintiff to have the work done and that she did not authorize anyone to enter into the contract on her behalf.

Plaintiff in answering new matter asserts that defendant had knowledge of the work being done and that the contract was entered into with plaintiff by the son and daughter-in-law of defendant as agents for defendant. The son and daughter-in-law of defendant were living in the subject premises at the time the contract was entered into and when the work began.

## FINDINGS OF FACT

1. Michael and Nancy Reed (son and daughter-in-law of defendant) entered into a contract with plaintiff for work to be done on the premises at 404 Burno Street, Gallitzin, Cambria County, Pa. and the contract price was for $7,400.

2. Although Michael and Nancy Reed were living in the subject premises at the time the contract was entered into, defendant was the owner of the subject premises.

3. The contract was entered into on April 27, 1977 and was signed by Michael J. Reed and Nancy C. Reed. See Exhibits 1 and 2.

4. The work under the contract was substantially completed in October of 1977.

5. In the spring of 1978 Michael and Nancy Reed separated and were no longer living at the subject property.

6. Plaintiff contacted defendant by telephone in the spring of 1978 and defendant indicated that her son should do something about the situation.

7. Plaintiff requested that defendant and her son Michael sign papers with regard to the job and defendant refused to sign anthing.

8. Plaintiff has received no payments under the contract.

## DISCUSSION

Plaintiff has two possible modes of recovery against Mrs. Reed. First, plaintiff asserts the agency principle of ratification. Second, plaintiff has a possible claim under a landlord/tenant theory. Both theories must be rejected under the facts as presented.

The testimony as presented clearly eliminates any express agency between defendant and Michael and Nancy Reed. Ratification is the only plausible agency theory. The ratification theory provides:

"that a principal who subsequently consents to the unauthorized act of his agent or one who purports to be his agent can acquire rights and be subjected to liabilities with the same effect as if the act were originally authorized." Twerski, Aaron D., "The Independent Doctrine of Ratification v. The Restatement and Mr. Seavy," 42 Temple L.W. 1 (1968). If ratification is found, the principal is bound as though he had entered the contract himself.

To find ratification it is necessary that the act to be ratified have been done from its inception on behalf of the principal. McRoberts v. Phelps, 391 Pa. 591, 138 A.2d 439, 446 (1958). Factually, Michael and Nancy Reed were living in the house they had repaired and had the most to gain from the repairs.

Defendant was not aware of the contract or the work until called by plaintiff.

This lack of knowledge on the part of defendant strikes a fatal blow to the ratification theory. The law in Pennsylvania is that "in order to find ratification from failure to repudiate the agent's unauthorized actions. it is necessary that the principal have full knowledge of the material facts and circumstances attending the transaction to be ratified." Ebasco Services Inc., v. P.P. & L. Co., 460 F. Supp. 163, 203 (1978), see also, Schwartz v. Mahoning Valley Country Club, 382 Pa. 138, 114 A.2d 78, 80 (1965).

Defendant did not have knowledge of the pertinent circumstances and additionally, took no action whatsoever to assent to the contract. Under these circumstances ratification must be rejected.

Plaintiff points out the family relationship between Michael and Nancy and defendant. This fact is not alone determinative of any legal relationship. In Sidle v. Kaufman, 345 Pa. 549, 29 A.2d 77, 81 (1942), the Pennsylvania Supreme Court stated, "the relationship of agency cannot be inferred from mere relationship or family ties unattended by conditions, acts, or conduct clearly implying an agency." In the instant case the court is presented with little more than a family relationship. Plaintiff did not rely on defendant's credit when entering the contract. Nor did he pursue defendant for payment when he originally contacted her. It appears plaintiff is now trying to recover for his carelessness in contracting by pursuing a totally innocent party. Thus, the agency arguments presented must be totally rejected.

Plaintiff might also seek recovery under a landlord/tenant agreement. Under this theory Michael and Nancy Reed are cast as tenants in prem-

ises owned by defendant. This argument must also fail.

The Mechanics' Lien Act states:

"No lien shall be allowed against the estate of an owner in fee by reason of any consent given by such owner to a tenant to improve the leased premises unless it shall appear in writing signed by such owner that the erection, construction, alteration or repair was in fact for the immediate use and benefit of the owner." 49. P.S. §1303(d). No such written consent exists in this case. In interpreting an equivalent statutory provision the Pennsylvania Supreme Court in Murray v. Zemon, 402 Pa. 354, 167 A.2d 253, 255 (1961), stated "the right to the lien arises not from the act of furnishing the labor and materials, but rather from the debt arising therefrom . . . The right to file a mechanics' lien must have a contract as its basis." No contract exists between plaintiff and defendant and thus the lien is improper.

## VERDICT AND ORDER

And now, this February 14, 1980, the court finds in favor of defendant, Ethel M. Reed, and against plaintiff, Samuel A. Brourman, t/a Mabro Company, and therefore it is hereby ordered that the complaint of plaintiff be dismissed and the Mechanics' Lien entered against Donald F. Reed (now deceased) and Ethel M. Reed, be stricken.