602 A.2d 1348

**VOLUNTEER FIRE COMPANY OF NEW BUFFALO**

**v.**

**HILLTOP OIL COMPANY and Paul Clark and Beth V. Clark.**

**Appeal of Paul CLARK and Beth V. Clark.**

Superior Court of Pennsylvania.

Argued Oct. 24, 1991.

Filed Feb. 6, 1992.

142

Daniel W. Stern, Harrisburg, for appellant.

Barbara A. Reynolds, Camp Hill, for appellee Volunteer Fire Co.

Before WIEAND, MONTEMURO and KELLY, JJ.

WIEAND, Judge:

In this appeal, we are asked to decide the effectiveness of a corrective deed intended by the grantor to reduce the amount of land conveyed to the grantee by an earlier deed. Subsequent grantees of the grantor contend that the lawyer who prepared the corrective deed was also the attorney for the grantee and had authority to consent to and accept the corrective deed on behalf of said grantee. The trial court, in this equity action, found that the lawyer did not have authority to consent to or accept the corrective deed on behalf of the grantee and that the corrective deed, signed only by the grantor, was ineffective to reduce the quantity of land previously conveyed. Post-trial motions were denied, and this appeal followed. After careful review, we affirm.

By deed dated August 20, 1977, and duly recorded, Hilltop Oil Company (Hilltop) conveyed to Volunteer Fire Company of New Buffalo (the fire company) a tract of land containing 1.31 acres in Watts Township, Perry County. The fire company thereafter caused a building to be constructed on the land to house firefighting equipment and also a social hall. In December, 1980, a representative of Hilltop reported to officers of the fire company that an error had been made in the description contained in the 1977 deed. Thereafter, Hilltop employed C. Joseph Rehkamp, Esquire, who had represented the fire company at the earlier closing, to prepare and record a corrective deed. Rehkamp prepared such a deed, which was executed by the grantor and duly recorded. This deed purported to move the southern property line fifty (50) feet to the north and reduce the amount of acreage to 1.07 acres. Rehkamp was paid fifty ($50.00) dollars by Hilltop for his services. On the same day, Hilltop conveyed the "recovered" tract of .24 acres to Republic Development Corporation (Republic),

which, in 1985, conveyed it as part of a larger tract to Paul and Beth Clark. The disputed tract of .24 acres, it was later discovered by survey, lay only eight (8) feet from the front of the fire company's building.

The fire company then commenced an action against Hilltop for the purpose of having the corrective deed declared a nullity. Also named as defendants were the Clarks, who joined as additional defendants and filed claims against Hilltop and their immediate grantor, Republic.[1] The trial court, after trial without jury, found that Rehkamp was not the legal representative of the fire company and did not have authority to bind the fire company to accept a smaller tract of land. Therefore, the court sustained the fire company's cause of action, decreeing that the corrective deed was a nullity and that the fire company was the fee simple owner of the disputed .24 acres.

Our limited scope of review was articulated in *Palmer v. Soloe,* 411 Pa.Super. 444, ——, 601 A.2d 1250, 1252 (1992) as follows:

> [O]n appeal we are bound by the chancellor's findings of fact, particularly if approved by the court en banc, to the same extent as we would be bound by the factual determinations of a jury. The test in either case is whether the findings are adequately supported by the record. The chancellor's findings are entitled to particular weight in a case in which the credibility of the witnesses must be carefully evaluated, because he has had the opportunity to hear them and to observe their demeanor on the stand. *Charles v. Henry,* 460 Pa. 673, 334 A.2d 289 (1975).

> *Stauffer v. Stauffer,* 465 Pa. 558, 567, 351 A.2d 236, 240 (1976); *accord Weir v. Estate of Ciao,* 521 Pa. 491, 556 A.2d 819 (1989) (at bench trial, it is trial court's duty to judge credibility and weigh testimony and its findings will not be disturbed absent error of law or abuse of discretion); *Fuisz v. Fuisz,* 386 Pa.Super. 591, 563 A.2d 540

---

1. These claims were ultimately settled and are not involved in the present appeal.

(1989) (appellate courts are constrained by a narrow standard of review in equity matters and are bound by the trial court's determination pertaining to the credibility of the witnesses and the weight to be accorded the evidence). Thus, appellate review in these matters is limited to a determination of whether there was an error of law, and the trial court's conclusions will not be disturbed unless they are not supported by the evidence. *Hostetter v. Hoover*, 378 Pa.Super. 1, 547 A.2d 1247 (1988).

*Id.*, 411 Pa.Superior Ct. at ——, 601 A.2d at 1252. The Clarks, who are the appellants in this case, challenge the trial court's finding that Rehkamp did not have authority to accept the corrective deed on behalf of the fire company.

■■■■ Agency "cannot be assumed from the mere fact that one does an act for another." *Bross v. Varner*, 159 Pa.Super. 495, 497, 48 A.2d 880, 881 (1946). Whether an agency relationship exists is a question of fact. *Bolus v. United Penn Bank*, 363 Pa.Super. 247, 259, 525 A.2d 1215, 1221 (1987), *allocatur denied*, 518 Pa. 627, 541 A.2d 1138 (1988). The party asserting an agency relationship has the burden of proving it by a fair preponderance of the evidence. *Apex Financial Corp. v. Decker*, 245 Pa.Super. 439, 443, 369 A.2d 483, 485 (1976). Agency is created where there exists a "manifestation by the principal that the agent shall act for him, the agent's acceptance of the undertaking and the understanding of the parties that the principal is to be in control of the undertaking." *Scott v. Purcell*, 264 Pa.Super. 354, 363, 399 A.2d 1088, 1093 (1979) citing Restatement (Second) of Agency, § 1(1) (1958) (Comment). Before a factfinder can conclude that an agency relationship exists and that the principal is bound by a particular act of the agent, the factfinder must determine that one of the following exists:

1) express authority directly granted by the principal to bind the principal as to certain matters; or

2) implied authority to bind the principal to those acts of the agent that are necessary, proper and usual in the exercise of the agent's express authority; or

3) apparent authority, i.e. authority that the principal has by words or conduct held the alleged agent out as having; or

4) authority that the principal is estopped to deny.

*Bolus v. United Penn Bank, supra* at 260, 525 A.2d at 1221.

■ Appellants contend that an agency existed and that Rehkamp had express authority to act on behalf of the fire company. Their contention is based on entries in the fire company's minutes of monthly meetings held prior to and after execution of the corrective deed. An entry in the minutes of a meeting on February 11, 1980, indicates that a member "will have the DA [Rehkamp] contact the trustees to straighten out problem with the deed". On June 9, 1980, the minutes indicated: "discussion about the deed took place. No motions made. Will be resolved". On August 11, 1980, an entry was made which stated: "attorney needs written statements from company to handle deed matters. Motion by [member], sec. by [member]- allow attorney to get settled deed discrepencies [sic]. Letter to be sent to Solicitor Joseph Rehkamp". An entry on September 8, 1980 indicated: "letter to Rehcamp [sic]." Finally, after the corrective deed had been executed in December of 1980, a February 9, 1981 entry contained the statement: "land deed all squared away." Furthermore, according to appellants, Rehkamp's acknowledged practice of representing both grantors and grantees in real estate transactions lends credence to their position that he was representing both Hilltop and the fire company at the time when the corrective deed was executed and recorded. Although this evidence would have supported a finding that Rehkamp was the lawyer for the fire company at the time of the corrective deed, there was evidence to the contrary.

The function of a reviewing court is to determine whether the findings of the trial court are supported by competent

evidence. In holding that appellants failed to sustain its burden of proving express authority to accept a corrective deed, the trial court accepted Rehkamp's testimony that he had been retained by Hilltop and was acting solely on its behalf when he prepared and recorded the corrective deed. His testimony was supported by a letter from Hilltop's manager in which Rehkamp was requested to perform this service. The evidence was that Rehkamp had been paid a fee only by Hilltop. Rehkamp testified that he had performed no legal services for the fire company after July, 1978. Members of the fire company, some of whom were officers at the time of recording the corrective deed, testified that they had no knowledge of the corrective deed until after appellants had purchased their land from Republic and began using the disputed strip of land. They recalled no one authorizing Rehkamp to accept or record on the fire company's behalf a deed conveying a smaller tract than that which had been conveyed by the 1977 deed. At no place in the record is there evidence that representatives of the fire company knew and understood either the need for or the effect of the corrective deed. Even the fire company's minutes do not disclose that it consented to a relinquishment of .24 acres already owned.

In view of the totality of the evidence, we are unable to conclude that the trial court's findings are unsupported by competent evidence or represent a capricious disregard of evidence favoring appellants. In view of the trial court's finding and the evidence supporting the same, we find it unnecessary to consider and decide the effect of the deed if Rehkamp had been burdened by a conflict of interest born of an attempt to represent the conflicting interests of both grantor and grantee. Similarly, we find it unnecessary to determine the effect, if any, of the Statute of Frauds upon Rehkamp's alleged authority to enter a transaction pursuant to which the fire company effected a reconveyance of a portion of its real estate holdings.

Appellants argue that even if Rehkamp lacked express authority to bind the fire company, he nevertheless

had apparent authority to act on its behalf. This argument is misplaced. "Apparent authority exists where a principal, by words or conduct, leads people with whom the alleged agent deals to believe that the principal has granted the agent the authority he or she purports to exercise." *Joyner v. Harleysville Ins. Co.*, 393 Pa.Super. 386, 392, 574 A.2d 664, 667 (1990). Therefore, in determining the apparent authority of an agent, the court must look to the actions of the principal, not the agent. *Bolus v. United Penn Bank, supra* at 261, 525 A.2d at 1222. "An agent cannot, simply by his own words, invest himself with apparent authority. Such authority emanates from the action of the principal and not the agent." *Turnway Corporation v. Soffer*, 461 Pa. 447, 458, 336 A.2d 871, 876 (1975) quoting *Jennings v. Pittsburgh Mercantile Co.*, 414 Pa. 641, 645, 202 A.2d 51, 54 (1964). Thus, we are not here concerned with Hilltop's beliefs in relation to the deed transaction. Rather, the issue is whether the fire company held Rehkamp out as having apparent authority to relinquish title to real estate owned by the fire company. Although the fire company's minutes refer to a letter to Rehkamp regarding the deed issue, that letter was not produced. Therefore, it does not appear that the fire company held Rehkamp out as having authority on its behalf to convey or relinquish title to a portion of its real estate. On the contrary, the trial court found that the fire company was unaware of the nature of Rehkamp's activity, and this finding is also supported by competent evidence. In the absence of such knowledge, the record does not support appellants' argument that Rehkamp had apparent authority to alter the nature of the original conveyance. He did not acquire apparent authority by signing the certification of the grantees' address as attorney for the grantee. Such a representation emanated from the agent and not the principal.

Appellants also argue that by retaining the recorded corrective deed for a period of five years without objection, the fire company ratified the corrective transaction. However,

[t]he question of ratification could not arise in the absence of proof that the [principal] had full knowledge of all the material facts and circumstances attending the transaction intended to be ratified, *for the doctrine presupposes knowledge of such facts.* "Ratification implies knowledge of the material facts, and to be effective must be made by persons having the power to perform the act which is the subject of ratification."

*Schwartz v. Mahoning Valley Country Club,* 382 Pa. 138, 142, 114 A.2d 78, 80 (1955) quoting *Sword v. Reformed Congregation Keneseth Israel,* 29 Pa.Super. 626, 630 (1905) (emphasis added). Absent knowledge on the part of the fire company regarding the nature and effect of the corrective deed, it could not effectively ratify the deed. See also: *Solomon v. Cedar Acres East, Inc.,* 455 Pa. 496, 317 A.2d 283 (1974); *McRoberts v. Phelps,* 391 Pa. 591, 138 A.2d 439 (1958); *DeSilvio v. Restauire,* 264 Pa.Super. 528, 400 A.2d 211 (1979). In view of the trial court's finding that such knowledge was lacking, we are constrained to accept also its legal conclusion that the fire company did not ratify the corrective deed.

Appellants were not innocent purchasers of the fifty foot strip containing .24 acres of land. In order to qualify as a bona fide purchaser for value, an innocent purchaser must take with "neither actual nor constructive knowledge of claims of a third party...." *Lund v. Heinrich,* 410 Pa. 341, 346, 189 A.2d 581, 584 (1963). Constructive knowledge means "what they could have learned by inquiry of the person in possession and of others who, they had reason to believe, knew of facts which might affect the title, and also by what appeared in the appropriate indexes in the office of the recorder of deeds...." *Id.,* 410 Pa. at 348, 189 A.2d at 585. The chain of appellants' title, as it appeared in the office of the recorder of deeds, revealed that a tract of 1.31 acres had been conveyed to the fire company by deed in 1977. No part of that tract was ever reconveyed to the original grantor by the fire company. Although a deed purporting to be a corrective deed was

recorded in 1980, the record fails to reflect that the fire company, the grantee in the 1977 deed, ever consented to accept the new deed for a smaller tract in lieu of the earlier conveyance of the larger tract. The tract acquired by the fire company as a result of the 1977 conveyance could not be surrendered or reconveyed to the grantor except by deed, in writing, signed by the party surrendering or granting the same. Act of March 1772, § 1, 33 P.S. § 1. Because the chain of title contained a gap, there being no recorded deed surrendering or reconveying a part of the fire company's lands, appellants had constructive notice of a defect in the title which they were about to take. When they nevertheless accepted title without perfecting the chain of their grantor's title, they did so at their peril.

The dispute between appellants and the fire company was attributable directly to Rehkamp's mishandling of Hilltop's effort to regain title to a portion of the tract previously conveyed to the fire company. He should have known that the original grantor could not regain title to a portion of a tract already conveyed merely by having the grantor sign and record a new deed conveying a smaller tract of land. The defective title caused by his efforts should have been apparent to anyone who examined carefully the deeds recorded in the office of the recorder of deeds. Appellants are chargeable with this knowledge. The trial court found that the fire company had not been aware of that which Rehkamp was attempting to accomplish and had not authorized him to relinquish land which it already owned. Under these circumstances, as between appellants and the appellee-fire company, both of whom claimed title to the same .24 acres of land, the title of the appellee-fire company was superior.

Affirmed.