657 A.2d 983

**Abdelshakoor ELBASHER, Appellant**

**v.**

**SIMCO SALES SERVICE OF PENNSYLVANIA
t/a Jack and Jill.**

Superior Court of Pennsylvania.

Submitted Feb. 16, 1995.

Filed April 24, 1995.

James N. Gross, Philadelphia, for appellant.

Charles W. Craven, Philadelphia, for appellee.

Before WIEAND, BECK and BROSKY, JJ.

WIEAND, Judge:

Does an ice cream company owe a duty to an independent contractor, who sells the company's products from a leased truck along a pre-assigned route, to protect the vendor from criminal assault by unknown third parties? The trial court held that no such duty existed and entered summary judgment for the ice cream company in an action against it by the vendor. After careful review, we affirm.

Abdelshakoor Elbasher and Simco Sales Service of Pennsylvania, t/a Jack and Jill, were parties to an agreement pursuant to which Elbasher purchased Jack and Jill ice cream products from Simco and resold them from a truck leased from Simco along an assigned route. The term of the contract was from week to week, and either party could terminate it upon one week's notice. The parties are agreed that Elbasher was an independent contractor and not an employee of Simco.

On August 6, 1991, while selling ice cream along his route in Philadelphia, Elbasher was robbed at gunpoint and shot in the stomach. He subsequently sued Simco, contending that the ice cream company had assigned him to a route in a high crime area without adequate protection. When Simco filed a motion for summary judgment, the trial court granted it. Elbasher appealed.

Summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035(b). See also: *McDonald v. Marriott Corp.,* 388 Pa.Super. 121, 124, 564 A.2d 1296, 1297 (1989). When considering a motion for summary judgment, the record, along with all reasonable inferences therefrom, must be examined in the light most favorable to the non-moving party. *Mentzer v. Ognibene,* 408 Pa.Super. 578, 583, 597 A.2d 604, 607 (1991).

As a general rule, a person is not liable for the criminal conduct of another in the absence of a special relationship imposing a pre-existing duty. *Feld v. Merriam,* 506 Pa. 383, 392, 485 A.2d 742, 746 (1984). Neither the common law nor the Pennsylvania courts have imposed upon a contractee a special duty to protect independent contractors against the criminal acts of unknown third persons. See: 30 C.J.S., Employer's Liability § 13. In *Wenrick v. Schloemann–Siemag Aktiengesellschaft,* 523 Pa. 1, 564 A.2d 1244 (1989), the Supreme Court said:

Before a person may be subject to liability for failing to act in a given situation, it must be established that the person has a duty to act; if no care is due, it is meaningless to assert that a person failed to act with due care. Certain relations between parties may give rise to such a duty. Although each person may be said to have a relationship with the world at large that creates a.duty to act where **his own** conduct places others in peril, Anglo–American common law has for centuries accepted the fundamental premise that mere knowledge of a dangerous situation, even by one who has the ability to intervene, is not sufficient to create a duty to act.

*Id.* 523 Pa. at 8, 564 A.2d at 1248 (emphasis in original). Absent a duty to act, there can be no negligence. *Marshall v. Port Authority of Allegheny County,* 524 Pa. 1, 9, 568 A.2d 931, 935 (1990).

■ Here, appellant has been unable to demonstrate any special relationship imposing upon· the other party to his contract a duty to protect him against the criminal acts of unknown third persons. No such duty is imposed by the terms of the contract between the parties, and none is imposed by the common law. Finally, the record is insufficient to demonstrate a need for police protection in excess of that provided by the City of Philadelphia for other citizens in the same area. We conclude, therefore, that the trial court did not err when it held that appellant could not recover in this action and entered summary judgment in favor of the defendant-appellee.

Affirmed.