**Sharon KARCHNER, Appellant,**

v.

**John B. FLAIM, Individually, and as Administrator of the Estate of Elizabeth A. Flaim, Commonwealth of Pennsylvania, Department of Transportation.**

Commonwealth Court of Pennsylvania.

Argued May 8, 1995.

Decided July 18, 1995.

Lewis J. Bott, for appellant.

Jay W. Stark, Deputy Atty. Gen., for appellee, Dept. of Transp.

Before KELLEY and NEWMAN, JJ., and KELTON, Senior Judge.

NEWMAN, Judge.

Sharon Karchner (Karchner) appeals from an order of the Court of Common Pleas of Carbon County (trial court) denying her motion for post-trial relief from: (1) the admission of evidence of alcohol consumption and blood alcohol content and (2) the trial court's jury charge on comparative negligence. We affirm.

Karchner was injured when the automobile in which she was a passenger was involved in an accident on November 21, 1984. The driver, Elizabeth Flaim (Flaim) was killed. At the time of the accident, Karchner was nineteen years old and Flaim was seventeen years old.

The following evidence was adduced at trial on April 18 and 19, 1994. Two months prior to the accident, the shoulder of the roadway at the scene was coated with a bituminous seal coat, also known as oil and chip. The work was done under contract with the Department of Transportation (PennDOT). The specific site of the accident is an "S" curve. On the edge of the shoulder nearest the road runs a thin strip of oil bed laid without a stone chip covering. Plaintiff alleged that the oil covering was laid negligently, causing the accident by allowing the car to slip on the oil strip near the road surface.

At trial, Karchner testified that she and Flaim each consumed two 7–ounce draft beers at a tavern and took a six-pack of beer with them in the car less than one hour before the accident. Karchner further testified that as they approached a curve, she felt

that they had gone off the road and that she remembered feeling or hearing what she thought was gravel and a different type of road surface. Karchner felt the car was travelling too fast to make the turn and, therefore, she asked Flaim to reduce speed. Flaim then lost control of the car, which spun to the left, across the center line into the oncoming lane of traffic, and collided with another car before coming to rest off the road. Flaim died at the scene.

The accident occurred at approximately 12:15 a.m. Flaim was pronounced dead at 12:55 a.m. During an autopsy performed on Flaim at approximately 10:00 a.m. on the morning following the accident, blood was drawn from the right ventricle of her heart. Testing determined that Flaim had a blood alcohol content of 0.16% *at the time of her death.* Dr. G. Thomas Passanati, a forensic toxicologist with a Ph.D. in biochemistry, testified that with a blood alcohol content level that high, Flaim was unfit to drive and would have exhibited external signs of intoxication.

The state trooper arriving at the scene found one unopened bottle of beer in Flaim's car along with pieces of broken glass. He also detected a strong odor of alcohol in the car while he was sitting in the driver's seat. Nevertheless, Karchner insists that neither she nor her companion had opened any of the six-pack of beer, which they brought with them.

The driver of the other car testified that he saw Flaim swerve before her car spun across the road.

Although Karchner objected, the jury charge included instructions regarding comparative and contributory negligence. The jury, deciding solely the issue of liability, returned a verdict for defendant PennDOT, indicating that PennDOT was not liable, but that Flaim was sixty percent liable and Karchner was forty percent liable.

Karchner filed post-trial motions arguing that the trial court erroneously allowed evidence of Flaim's consumption of alcohol and blood alcohol content, and that the trial court should not have instructed the jury on contributory and comparative negligence. The

trial court denied the post-trial motions, and Karchner now appeals to this court.

Although Karchner lists six questions on appeal, we believe they reduce to the following two issues: (1) whether the trial court erred in permitting testimony of alcohol consumption and evidence of blood alcohol content; and (2) whether the trial court erred in denying Karchner's exceptions to jury instructions regarding contributory and comparative negligence.

It is well settled that rulings by the trial court on admission or exclusion of evidence are within the trial court's discretion and will not be disturbed on appeal unless there is a clear indication of abuse of discretion. *Pikur Enterprises, Inc. v. Department of Transportation,* 163 Pa.Commonwealth Ct. 251, 641 A.2d 11 (1994).

■ Karchner relies primarily on two Superior Court cases in objecting to the trial court's decision on this issue. In the first case, *Locke v. Claypool,* 426 Pa.Superior Ct. 528, 627 A.2d 801 (1993), the court held that without any physical manifestation of effects of alcohol, or any independent evidence corroborating the allegation of intoxication, blood results and expert testimony extrapolating those results were speculative and prejudicial and were, therefore, inadmissible.

In addition, Karchner offers the holding of *Whyte v. Robinson,* 421 Pa.Superior Ct. 33, 617 A.2d 380 (1992) to challenge the trial court's ruling. The *Whyte* court, treating the question of whether evidence of a pedestrian's intoxication was properly admitted, held that where recklessness or carelessness is at issue, proof of intoxication is inadmissible as unfairly prejudicial, unless it reasonably establishes intoxication.

Here, our review of the record reveals many instances of independent evidence corroborating the allegation that Flaim was intoxicated. These include the trial testimony of an expert in highway engineering and accident reconstruction whose analysis of the accident scene indicated that the Flaim vehicle left the roadway for some eighty-five feet before the accident. Additionally, Karchner's testimony indicated that she believed Flaim was driving too fast to be safe and

should slow down. Eye witness testimony indicated that the Flaim vehicle swerved and crossed the center line into the oncoming lane of traffic. In addition, Karchner testified that both she and Flaim had consumed alcohol before the accident, and the Pennsylvania state trooper arriving at the scene testified that he detected a strong odor of alcohol in the driver's seat.

Further, the blood alcohol content evidence presented at trial was supported by an expert's testimony detailing the effects of a 0.16% blood alcohol level on an individual's ability to operate an automobile as well as by the additional external evidence of intoxication.

■ Regarding the blood alcohol reading, evidence at trial indicated that the blood sample, gathered during autopsy from the tissue of the decedent's heart, provided an accurate reading of blood alcohol content at the time of the accident. Dr. Paul G. Panas, certified as a medical expert, testified at trial that during the autopsy blood was drawn from the heart because that is considered the best place from which to gain an accurate blood alcohol reading. Dr. Panas' testimony also indicated that a blood alcohol level is "frozen" at the time of death.[1] The trial court heard further testimony indicating law enforcement officials and laboratory personnel maintained appropriate chain of custody for the blood sample. Karchner's suggestion that the blood reading does not accurately reflect Flaim's blood alcohol content at the time of the accident is without basis.

This case falls well-within the holdings and standards applied by the cases invoked by Karchner. Therefore, we conclude that the trial court properly denied Karchner's motion to preclude evidence of alcohol consumption and blood alcohol content.

■ With regard to the second issue raised by Karchner, when reviewing a claim that the trial court erred in instructing the jury, our scope of review is limited to whether the trial court committed a clear abuse of discretion or error of law controlling the outcome of the case. *Williams v. Philadelphia Transportation Company,* 415 Pa. 370, 203 A.2d 665 (1964); *Butler v. Kiwi, S.A.,* 412 Pa.Superior Ct. 591, 604 A.2d 270 (1992).

■ In its opinion, the trial court correctly relied upon *Hannon v. City of Philadelphia,* 138 Pa.Commonwealth Ct. 166, 587 A.2d 845 (1991), in making a determination on this issue. In *Hannon,* a passenger brought an action against the city and the driver for injuries sustained in an accident. There, we held that a passenger may be negligent by exposing himself to an unreasonable risk. In so holding, the *Hannon* court made it clear that, at trial, the points for charge must not absolve passengers from any duty to assess the safety of the circumstances in which they place themselves when they entrust their safety to a driver who they know has consumed alcohol. *Id.*

Karchner insists that there was no evidence upon which the trial court could base its decision to instruct the jury on the issues of contributory negligence or comparative negligence. We disagree.

It is admitted that Karchner knew that Flaim had consumed alcohol. As noted above, testimony at trial indicated that both plaintiff Karchner and Flaim drank at least two 7-ounce beers each before getting into the car with a six-pack of beer preceding the accident. Expert testimony indicated that Flaim had a 0.16% blood alcohol content at the time of the accident and further expert testimony indicated that someone with a 0.16% blood alcohol content would be visibly intoxicated.

■ Significantly, our courts have held that even minimal evidence of contributory negligence requires a charge on the issue.

---

1. The record shows that the accident occurred at approximately 12:15 a.m. and that Flaim was pronounced dead at the scene when emergency personnel arrived at 12:55 a.m. Flaim, therefore, was either killed on impact or died no more than forty minutes following it. The blood alcohol level uncovered at the autopsy, then, reflects Flaim's blood alcohol level at the very time of the accident or shortly thereafter. Karchner points to nothing in either case law or the record to indicate that the possible forty minute period between the accident and the time of death, when her blood alcohol level was frozen, compromised the accuracy of the blood alcohol level reading submitted at trial.

*Rizzo v. Michener,* 401 Pa.Superior Ct. 47, 584 A.2d 973 (1990); *Levine v. Rosen,* 394 Pa.Superior Ct. 178, 575 A.2d 579 (1990). No matter how slight the evidence of plaintiff's contributory negligence, it is reversible error not to charge the jury on the issue. *Rizzo; McCullough v. Monroeville Home Association,* 270 Pa.Superior Ct. 428, 411 A.2d 794 (1979).

In the instant matter there was evidence of plaintiff's contributory negligence; the trial court was therefore obligated to instruct the jury accordingly.

For these reasons, we affirm the order of the trial court.

### ORDER

AND NOW, July 18, 1995, we affirm the order of the Court of Common Pleas of Carbon County.