670 A.2d 710

Virginia M. CLAYTON, Administratrix of the Estate of Fred William Herrod, Deceased, Appellant,

v.

Rebecca McCULLOUGH.

Superior Court of Pennsylvania.

Argued Dec. 5, 1995.

Filed Jan. 24, 1996.

William M. Radcliffe, Uniontown, for appellant.

Miles A. Kirshner, Pittsburgh, for appellee.

Before CIRILLO, TAMILIA and BROSKY, JJ.

CIRILLO, Judge:

Virginia Clayton, administratrix of the estate of Fred Herrod, her son, appeals from an order entered in the Court of Common Pleas of Greene County, dismissing her amended complaint. We affirm.

Herrod was struck by a vehicle operated by Wanda Steinhoff, resulting in Herrod's death. Rebecca McCullough, the appellee, was a passenger in Steinhoff's car at the time of the accident. The facts alleged in Clayton's amended complaint reveal that on December 30, 1993, Steinhoff and McCullough consumed alcohol at the Terrace Lounge between the hours of 7:00 p.m. and 11:00 p.m. Steinhoff was carrying a drink when the two women left the lounge. McCullough requested that Steinhoff drive her to the American Legion in Waynesburg, and subsequently asked Steinhoff if she could drive Steinhoff's car, as McCullough thought that Steinhoff was too intoxicated. Steinhoff refused McCullough's request to drive, and McCullough held Steinhoff's drink as they headed towards the American Legion. After travelling approximately two miles, McCullough noticed that Steinhoff was driving erratically. Shortly thereafter, McCullough saw Herrod walking on the side of the road. McCullough warned Steinhoff of Herrod's presence; nevertheless, Steinhoff struck Herrod, who eventually died as a result of his injuries.

Clayton's amended complaint averred that McCullough was negligent in failing to prevent Steinhoff from bringing alcohol into the car and for failing to prevent Steinhoff from driving. The complaint also asserted that, since Steinhoff was driving to the American Legion at McCullough's request, Steinhoff was McCullough's agent and McCullough was vicariously liable for Steinhoff's actions.

McCullough filed preliminary objections to the amended complaint for failure to state a cause of action. The preliminary objections were sustained and the complaint was dismissed. This appeal followed.

Clayton raises one issue for our consideration:

Is there a jury question as to a motor vehicle passenger's duty to third persons when that passenger is aware that the driver is intoxicated and assists the driver's intoxication?

Our standard of review is well settled.

When reviewing an order granting preliminary objections in the nature of a demurrer, an appellate court applies the same standard employed by the trial court: all material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for purposes of review. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the demurrer.

*Jackson v. Garland,* 424 Pa.Super. 378, 380, 622 A.2d 969, 970 (1993).

"In order to hold a defendant liable for injuries sustained by a plaintiff, it must be shown that the defendant breached a duty or obligation recognized by the law, which required him to conform to a certain standard of conduct for the protection of persons such as the plaintiff." *Merritt v. City of Chester,* 344 Pa.Super. 505, 508, 496 A.2d 1220, 1221 (1985) (emphasis added) (citing *Macina v. McAdams,* 280 Pa.Super. 115, 120, 421 A.2d 432, 434 (1980)). "Whether a duty exists is ultimately a question of fairness. The inquiry involves a weighing of the relationship of the parties, the nature of the risk and the public interest in the proposed solution." *Cruet v. Certain–Teed Corp.,* 432 Pa.Super. 554, 557, 639 A.2d 478, 479 (1994), *appeal denied,* 541 Pa. 639, 663 A.2d 691 (1995). Certain situations between parties may give rise to a duty to act with due care, and other situations do not.

Although each person may be said to have a relationship with the world at large that creates a duty to act where his own conduct places others in peril, Anglo–American common law has for centuries accepted the fundamental premise that mere knowledge of a dangerous situation, even by one who has the ability to intervene, is not sufficient to create a duty to act.

*Elbasher v. Simco Sales Service of Pennsylvania,* 441 Pa.Super. 397, 398–99, 657 A.2d 983, 984–85 (1995).

 Clayton first claims that McCullough was negligent in allowing Steinhoff to continue to drive the vehicle after McCullough knew or had reason to know that Steinhoff was intoxicated. Accepting the facts alleged as true, *Jackson, supra,* Clayton cites no Pennsylvania appellate authority, and we know of no such authority, which imposes a duty on a passenger of a vehicle to a third person injured/killed by a driver of the same vehicle.

The appellate courts of this Commonwealth have examined "passenger duty" most often in the context of the passenger's ability to recover when a defendant contends the passenger contributed to the accident by his or her actions, or failure to act. *See, e.g., Smalich v. Westfall,* 440 Pa. 409, 269 A.2d 476 (1970) (where passenger's estate sought damages in wrongful death/wrongful survival action, the Court noted that a passenger is required to exercise reasonable care for his own safety and will be barred from recovery if he unreasonably fails to warn driver of a danger which passenger discovers, or to make use of an ability to control the negligence which he may possess); *Landy v. Rosenstein,* 325 Pa. 209, 188 A. 855 (1937) (same); *Phillips v. Schoenberger,* 369 Pa.Super. 52, 534 A.2d 1075 (1987) (a passenger may be held contributorily negligent for his or her failure to warn driver of impending danger); *Hanlon v. Sorenson,* 289 Pa.Super. 268, 433 A.2d 60 (1981) (same); *Yannuzzi v. Mitchell,* 260 Pa.Super. 47, 393 A.2d 1005 (1978) (same); *Weaver v. Clabaugh,* 255 Pa.Super. 532, 388 A.2d 1094 (1978) (passenger was found to have "assumed the risk" of injury—which the court found overlapped with standards for contributory negligence—when he accepted a ride

from a driver who he should have known was unfit to drive due to intoxication); *Hill v. Reynolds*, 384 Pa.Super. 34, 557 A.2d 759 (1989) (a determination of whether a passenger was contributorily negligent for falling asleep in the car when both she and driver had engaged in an extended social outing was a question for the jury); *see also Karchner v. Flaim*, —— Pa.Commw. ——, 661 A.2d 928 (1995) (contributory negligence instruction warranted where both passenger and driver had been drinking prior to accident). These cases are inapposite in that they involve the passengers'/plaintiffs' conduct as constituting contributory negligence which would bar or limit recovery. Here, however, the argument concerning the passenger's/defendant's conduct is offered to establish a right to recovery.

Clayton contends that liability should be imposed pursuant to section 876(b) of the Restatement (Second) of Torts, which states in relevant part: "For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he ... (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself...." The comment to section 876(b) states in part: "If the encouragement or assistance is a substantial factor in causing the resulting tort, the one giving it is himself a tortfeasor and is responsible for the consequences of the other's act. This is true both when the act done is an intended trespass ... and when it is merely a negligent act." Clearly we are not bound by section 876(b) of the Restatement 2d, as it has not been adopted by the Pennsylvania Supreme Court. Assuming we were required to analyze Clayton's claim pursuant to section 876(b), there would be no duty imposed upon McCullough to guard against harm to a third person such as Clayton. While McCullough arguably was aware that Steinhoff's conduct constituted a breach of Steinhoff's duty, there are no factual averments in the complaint to indicate that McCullough gave "substantial assistance or encouragement to [Steinhoff] so to conduct [her-

]self[.]" Restatement 2d of Torts, § 876(b).[1] When we view the instant circumstances in light of our standard of review, we must conclude that Pennsylvania law says with certainty that no recovery is possible under Clayton's negligence theory. *Jackson, supra.* McCullough has breached no duty or obligation recognized by the law in Pennsylvania. *Merritt, supra.*

▆▆▆ Clayton next asserts that McCullough is vicariously liable for Steinhoff's conduct under an agency theory. Specifically, Clayton claims that Steinhoff was acting as McCullough's agent at the time of the accident, and, therefore, McCullough is vicariously liable for Steinhoff's conduct. Initially we note that only factual allegations in a complaint are considered to be true for the purposes of a demurrer, not the pleader's conclusions of law. *Lobdell v. Leichtenberger,* 442 Pa.Super. 21, 658 A.2d 399 (1995); *Waklet–Riker v. Sayre Area Education Association,* 440 Pa.Super. 494, 656 A.2d 138 (1995).

▆▆▆ We have little difficulty in disposing of this argument. Clayton's complaint fails to allege facts establishing an agency relationship. An agency is created where there is a manifestation by a principal that an agent shall act for him, the agent's acceptance of the undertaking, and an understanding by the parties that the principal is to be in control of the undertaking. *Volunteer Fire Co. v. Hilltop Oil Co.,* 412 Pa.Super. 140, 602 A.2d 1348 (1992). The inquiry for actual agency focuses on the day-to-day control over the manner of the purported servant's performance; control is the hallmark of a master-servant relationship. *Myszkowski v. Penn Stroud Hotel, Inc.,* 430 Pa.Super. 315, 321–22, 634 A.2d 622, 626 (1993). Agency "cannot be assumed from the mere fact that one does an act for another." *Volunteer Fire Co.,* 412 Pa.Super. at 146, 602 A.2d at 1351. Here, the facts averred that McCullough requested that Steinhoff drive her to the Ameri-

1. For the reasons cited above, we likewise reject Clayton's secondary arguments relating to the Restatement 2d of Torts, namely sections 876(a) and 877 ("persons acting in concert," and "directing or permitting conduct of another," respectively).

can Legion. Such a contention, in and of itself, is not sufficient to establish an agency relationship.

Because Pennsylvania law says with certainty that under these facts no recovery is possible, the trial court properly sustained McCullough's preliminary objections in the nature of a demurrer and, accordingly, correctly dismissed Clayton's complaint. *Jackson, supra.*

Order affirmed.