598 A.2d 347

**Edward RUNSKI, Plaintiff,**

**v.**

**AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, LOCAL 2500, a labor organization, and American Federation of State, County and Municipal Employees, AFL–CIO, Council 13, et al., Defendants.**

Commonwealth Court of Pennsylvania.

Argued April 2, 1991.

Decided Oct. 10, 1991.

664

Timothy P. O'Reilly, for plaintiff.

Jonathan Walters, for defendants, AFSCME Council 13, Dist. Council 84 and Local 2500.

David B. Farney, Asst. Counsel, for defendant, Com.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Before this Court are the preliminary objections filed by the Commonwealth of Pennsylvania and various labor organizations (collectively, AFSCME) to the complaint filed by Edward Runski (Runski), against the above-named Defendants seeking disclosure of the terms of an agreement allegedly entered into between AFSCME and the Department of Corrections (Department), Runski's former employer, concerning staffing of the newly constructed cell block at Western Penitentiary. Runski further seeks damages resulting from AFSCME's negligence in failing to permit him to work in the new cell block pursuant to the agreement.

AFSCME, the collective bargaining agent for the Department's corrections officers, filed preliminary objections to the complaint contending, among other things, that Runski failed to join the Commonwealth as a necessary and indispensable party to his cause of action and that joinder of the Commonwealth as a party would require a transfer of the action to this Court which has exclusive, original jurisdiction over actions against the Commonwealth under 42 Pa.C.S. § 761(a), (b). The trial court sustained AFSCME's preliminary objections, granted Runski twenty days to join the Commonwealth as a party defendant, and ordered that the action be transferred to this Court pursuant to Pa.R.C.P. No. 213(f).

On December 27, 1990, Runski filed a complaint in this Court joining the Commonwealth and incorporating allegations contained in the original complaint filed in the trial court. Runski alleges that the agreement entered into between AFSCME and the Department recognized his right to a lateral transfer from the north cell block to the newly constructed B–1 cell block which is considered to be a less

dangerous work place,[1] that he was denied a lateral transfer in violation of the terms of the agreement, and that on January 8, 1989, while working at the north cell block, he sustained work-related injuries which forced him to take a medical disability retirement. Runski further alleges that had he been accorded his right pursuant to the agreement, he would not have been working at the north cell block and in turn, would not have sustained his injuries for which he currently receives workers' compensation benefits. Runski claims that AFSCME breached its duty of fair representation by failing to properly "apply" the agreement and by refusing to provide him a copy of the agreement, and that the Commonwealth and AFSCME "conspired" to deny his right available under the agreement.

AFSCME asserts in its preliminary objections that The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1—1031, bars Runski's claim for damages stemming from the work-related injury and that the relief sought is not recognized by the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§ 1101.101—1101.2301. The Commonwealth asserts that the complaint fails to establish the proximate cause between the Department's alleged failure to grant a lateral transfer to Runski and his work-related injury and further that Runski's claims are barred because they do not fall within the nine exceptions to sovereign immunity set forth in 42 Pa.C.S. § 8522(b). The Commonwealth alternatively seeks an order compelling Runski to file a more specific pleading.

In ruling on preliminary objections in the nature of a demurrer, all well-pleaded facts in the complaint and all inferences reasonably deducted therefrom must be accepted as true. *City of Philadelphia v. Buck*, 138 Pa.Commonwealth Ct. 250, 587 A.2d 875 (1991). However, legal conclusions, unjustified inferences, argumentative allegations, and expressions of opinions are not deemed admitted. *Reising-*

1. The original complaint contains a conflicting allegation that the alleged agreement did not recognize Runski's right to a lateral transfer. *See* paragraph 10 of both complaints.

*er v. Department of Corrections*, 130 Pa.Commonwealth Ct. 585, 568 A.2d 1357 (1990). A demurrer will be sustained only when it appears, with certainty, that the law permits no recovery under the allegations pleaded. *Buck; Wurth v. City of Philadelphia*, 136 Pa.Commonwealth Ct. 629, 584 A.2d 403 (1990). A review of the allegations set forth in the complaint demonstrates that Runski has failed to state valid causes of action against AFSCME and the Commonwealth, and that the complaint, therefore, must be dismissed.

■ Runski's employment with the Department was governed by PERA which mandates arbitration of all disputes arising under a collective bargaining agreement. Section 903 of PERA, 43 P.S. § 1101.903, provides in pertinent part:

**§ 1101.903. Disputes under collective bargaining agreement; mandatory arbitration**

Arbitration of disputes or grievances arising out of the interpretation of the provisions of a collective bargaining agreement is mandatory. The procedure to be adopted is a proper subject of bargaining with the proviso that the final step shall provide for a binding decision by an arbitrator or a tri-partite board of arbitrators as the parties may agree.

The Pennsylvania Supreme Court in *Martino v. Transport Workers' Union of Philadelphia, Local 234*, 505 Pa. 391, 480 A.2d 242 (1984), considered the question of what remedy is available to a public employee in the courts under Section 903 of PERA and held:

[B]efore a court in equity may entertain a complaint seeking to order arbitration, the complainant must prove that the union acted in bad faith towards its member. Once it has been determined that the union breached its duty of fair representation, the Court of Common Pleas sitting in equity many [sic] order the completion of the arbitration procedure and in cases governed by state labor law its power is limited to that remedy.

*Id.*, 505 Pa. at 409–10, 480 A.2d at 252.

Earlier, in *Ziccardi v. Commonwealth*, 500 Pa. 326, 456 A.2d 979 (1982), a suit against the Commonwealth and

AFSCME alleging wrongful discharge in violation of a collective bargaining agreement and AFSCME's breach of its duty of fair representation in the grievance process, the Supreme Court stated:

> We hold, as a general rule, that an employee has no right to sue his employer in equity and assumpsit for wrongful discharge where his union has refused to proceed to arbitration. Of course, we do not here reach the situation where he alleges and shows by specific facts that the employer actively participated in the union's bad faith, or conspired with it to deny the employee the job protection accorded him by the collective bargaining agreement. By giving the employee an unfettered right to sue the employer for the union's bad faith, we would relieve the wrongdoer of any effective sanction, make the plaintiff whole at the expense of an innocent party and bind that innocent party by the action of the plaintiff's agent, over whom it has no control. This would be in total violation of the principles of the law of agency. Furthermore, any attempt by the employer to exercise control over the union in such matters violates fundamental principles of labor law concerning the right of the bargaining agent and its members to be free of employer coercion.

*Id.*, 500 Pa. at 332, 456 A.2d at 981–82.

Thus, in Pennsylvania, as a general rule, an aggrieved public employee has no right to sue his or her employer for breach of a collective bargaining agreement. Under PERA, an action in equity seeking an order to compel arbitration of the underlying grievance is the employee's sole remedy in the courts for the union's breach of its duty of fair representation, and an employer may be joined in such action when joinder is necessary to afford an employee an adequate remedy which will effectuate the parties' collective bargaining agreement and insure compliance with PERA's requirement of mandatory arbitration. *Martino; Reisinger.*

■ There is, however, an exception to this general rule which in limited circumstances allows an equity court to award damages to an aggrieved employee. Such circumstances exist only "where an employee alleges and shows by *specific facts* that an employer actively participated in the union's bad faith or conspired with the union to deny the employee his rights under the collective bargaining agreement." *Reisinger*, 130 Pa.Commonwealth Ct. at 591, 568 A.2d at 1360 (emphasis in original). *See also Speer v. Philadelphia Housing Authority*, 111 Pa.Commonwealth Ct. 91, 533 A.2d 504 (1987) (monetary damages against the employer are not available without showing of collusion between the employer and the union that resulted in the union's breach of its duty of fair representation).

■ In the matter *sub judice,* Runski is not seeking an order compelling arbitration of his grievance under the collective bargaining agreement, nor did he request AFSCME to pursue arbitration. Runski argues that grievance arbitration would have been futile in light of the refusal by AFSCME and the Department to disclose the terms of the agreement, depriving him of "the opportunity to himself implement either a grievance or a private action to implement those rights and to protect himself from the working conditions that ultimately led to his injury." Runski Brief, p. 6. This argument undermines the policy behind PERA which makes arbitration of all disputes arising under public sector collective bargaining agreements the exclusive remedy for unresolved grievances. "Since freedom from strife is especially important in the public sector, our legislature made arbitration a cornerstone of its policy in that sector by elevating it from a favored to an exclusive remedy." *Martino,* 505 Pa. at 406, 480 A.2d at 250.

Since Runski is not seeking an order compelling arbitration, the remaining question is whether he alleged specific facts showing any collusion between the Department and AFSCME or AFSCME's bad faith with respect to Runski's grievance, to bring his claims within the exception allowing an equity court to award monetary damages. The only

allegation of collusion between AFSCME and the Commonwealth is set forth in paragraph 11 of the complaint filed in this Court:

Plaintiff further believes and avers that the Defendants herein and all of them conspired to deny Plaintiff the rights available to him under the aforementioned staffing agreement. Plaintiff's efforts to get a copy of said agreement or to otherwise learn the specific terms thereof have been rebuffed by both the Commonwealth and the labor union Defendants.

This conclusory allegation of conspiracy alone does not satisfy the requirement that the employee, to recover damages, must show by specific facts that the Commonwealth actively participated in AFSCME's alleged bad faith or conspired with AFSCME to deny his right under the collective bargaining agreement. *Martino; Reisinger; Speer.* Furthermore, the complaint does not contain any allegation of bad faith on the part of AFSCME in representing Runski's interest. Nor can that be inferred from a reading of the entire complaint. Runski in his brief states that he unwillingly filed an action against the Commonwealth simply because the trial court ruled that the Commonwealth is an indispensable party although he does not want the Commonwealth's involvement in this proceeding. Runski's Brief In Opposition To the Commonwealth's Preliminary Objections, p. 4. It is clear, therefore, that although the right to amend a complaint should not be withheld where there is some reasonable possibility that defects in the pleading can be cured, this case does not present such circumstances. *See Otto v. American Mutual Ins. Co.,* 482 Pa. 202, 393 A.2d 450 (1978).

 Finally, on the issue of Runski's claim for damages, Section 303(a) of The Pennsylvania Workmen's Compensation Act, 77 P.S. § 481(a), provides that the employer's liability for workers' compensation shall be exclusive and in place of any and all other liability to the employee. This exclusivity provision has obliterated the common-law cause of action against the employer and foreclosed the adjudica-

tion of liability on the part of the employer. *Taynton v. Dersham,* 358 Pa.Superior Ct. 178, 516 A.2d 1241 (1986), *appeal denied,* 515 Pa. 569, 526 A.2d 1190 (1987); *Heckendorn v. Consolidated Rail Corp.,* 293 Pa.Superior Ct. 474, 439 A.2d 674 (1981), *aff'd,* 502 Pa. 101, 465 A.2d 609 (1983). Moreover, AFSCME can be held liable to its members only for acts of bad faith, not for negligence, in processing a grievance. *Martino; Ziccardi; Falsetti v. Local Union No. 2026, United Mine Workers of America,* 400 Pa. 145, 161 A.2d 882 (1960). Therefore, Runski failed to state a valid tort claim against either the Commonwealth or AFSCME.

■ Furthermore, the provisions of PERA do not authorize Runski's request for disclosure of the terms of the agreement, and he does not cite any case to support his request. As discussed earlier, under PERA, an aggrieved employee's sole remedy in court is to file an action in equity seeking an order to compel arbitration, and in limited circumstances monetary damages may be awarded for breach of fair representation. *Martino; Ziccardi; Reisinger; Speer.* This Court concludes, therefore, that Runski's request for disclosure of the terms of the agreement must also fail.

Accordingly, the preliminary objections of AFSCME and the Commonwealth must be sustained and Runski's complaint dismissed.

PELLEGRINI, J., concurs in the result only.

### ORDER

AND NOW, this 10th day of October, 1991, the preliminary objections of the Commonwealth of Pennsylvania, American Federation of State, County and Municipal Employees, Local 2500; American Federation of State, County and Municipal Employees, AFL–CIO, Council 13; and American Federation of State, County and Municipal Employees, Council 84, to Edward Runski's complaint are sustained, and the complaint is hereby dismissed.