656 A.2d 138

**Linda WAKLET–RIKER, Appellant**

**v.**

**SAYRE AREA EDUCATION ASSOCIATION and Pennsylvania State Education Association.**

Superior Court of Pennsylvania.

Submitted Nov. 17, 1994.

Filed March 27, 1995.

496

Stuart M. Golant, Towand, for appellant.

William A. Hebe, Wellsboro, for appellees.

Before CAVANAUGH, POPOVICH and SAYLOR, JJ.

CAVANAUGH, Judge:

Linda Waklet–Riker appeals from an order which sustained defendants/appellees' preliminary objections, and dismissed her third amended complaint with prejudice. We affirm.

A review of the factual averments of plaintiff/appellant's third amended complaint reveals the following. Appellant was employed as a guidance counselor by the Sayre Area School District. In May of 1990, her employer informed her that she was being furloughed from her position as guidance counselor and that the position was being eliminated. Appellant, a member of both the Sayre Area and Pennsylvania State Education Associations (appellees), informed them of this situation. Appellees advised her to file a grievance; and did so on her behalf on June 7, 1990. Three more grievances were filed on appellant's behalf. These grievances were denied by the Board of Education, which transmitted notice of this denial to appellees on August 16, 1990. Thereafter, appellees informed the School District, on September 28, 1990, that they were submitting the grievance to arbitration. The actions of appellees, however, were not in accordance with the procedures outlined in the collective bargaining agreement between appellees and the School District. A hearing was subsequently held before an arbitrator in accordance with the provisions of the collective bargaining agreement. The arbitrator dismissed appellant's claim for failure to adhere to the requirements of the collective bargaining agreement, and for failure to file timely notice. More specifically, the arbitrator ruled that the

appellees, acting on behalf of appellant, had failed to give adequate and/or timely notice of the intention to arbitrate the grievances, and as a result, appellant's claims could not be considered on the merits.

Appellant subsequently filed suit against appellees, seeking damages stemming from appellees' representation of her during the grievance and arbitration proceedings. Appellees filed preliminary objections. Appellant was given three opportunities to amend her complaint. The third amended complaint alleged causes of action for breach of fiduciary duty, breach of contract, and bad faith. Appellees again filed preliminary objections. The trial court sustained appellees preliminary objections and dismissed appellant's complaint, concluding that: 1) Pennsylvania law does not recognize causes of action for breach of contract and breach of fiduciary duty, for failure of a union to properly process a union member's grievance; and 2) appellant failed to plead any material facts to support her claim that the unions (appellees) acted in bad faith. Appellant then filed this appeal.

Our standard of review in an appeal from an order sustaining preliminary objections in the nature of a demurrer is the same as that which the trial court employs: all material facts set forth in the complaint, as well as all inferences reasonably deducible therefrom, are admitted as true for purposes of review. *Eckell v. Wilson*, 409 Pa.Super. 132, 135, 597 A.2d 696, 698 (1991). However, we cannot accept as true conclusions of law. *Id.* The question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. *Id.* A demurrer should be sustained only in cases where the plaintiff has clearly failed to state a claim on which relief may be granted. *Id.* A demurrer should not be sustained if there is any doubt as to whether the complaint adequately states a claim for relief under any theory. *Id.* at 135–36, 597 A.2d at 698.

*Pittsburgh Nat. Bank v. Perr*, 431 Pa.Super. 580, 584, 637 A.2d 334, 336 (1994).

 Initially, we note that the appellee unions in this case are unincorporated associations. As a general rule, members of an unincorporated association cannot recover from the association because the negligence of the association or its members is imputed to all of the members. *Plasterer v. Paine*, 375 Pa.Super. 407, 413, 544 A.2d 985, 987 (1988). We additionally note that the facts of this case implicate the Public Employe Relations Act ("PERA"), 43 P.S. § 1101.101 *et seq.*[1] Section 903 of PERA requires that all disputes or grievances arising out of the interpretation of the provisions of a collective bargaining agreement be submitted to arbitration. 43 P.S. § 1101.903. Here, appellees are parties to the collective bargaining agreement and are appellant's exclusive bargaining representative thereunder. Furthermore, the essence of appellant's claims involve the terms and conditions which were bargained for by the appellee unions, and which were allegedly not followed by them in pursuing appellant's grievance. Thus, the present dispute arises out of the interpretation of the collective bargaining agreement, and we must examine the provisions of PERA to determine what relief is available to appellant.[2]

 Under PERA, "[a]rbitration of disputes or grievances arising out of the interpretation of the collective bargaining agreement is mandatory." 43 P.S. § 1101.903. Relief through the courts is limited. *Speer v. Philadelphia Housing*

1. *See* 43 P.S. § 1101.101 (purpose of Act is to promote orderly and constructive relationships between all public employers and their employes); 43 P.S. § 1101.301(1) (defining "public employer" to include, *inter alia*, school districts); 43 P.S. § 1101.301(2) (defining "public employe" or "employe" as any individual employed by a public employer).

2. PERA is applicable in this case even though the School District is not a party. Where a public employee has been discharged, allegedly in breach of the collective bargaining agreement, and the alleged misconduct on the part of the union has prevented the employee from seeking redress, the public employer approaches the status of an indispensable party, and can be joined in the action, as the dispute cannot finally be resolved without its participation. *Martino v. Transport Workers' Union of Phila.*, 505 Pa. 391, 396–97, 480 A.2d 242, 245 (1984). Although neither appellant nor appellees have joined the School District, the present dispute implicates the collective bargaining agreement and is governed by PERA.

*Auth.,* 111 Pa.Cmwlth. 91, 94–98, 533 A.2d 504, 505–06 (1987). A public employee's sole remedy in the courts, under PERA, is an action in equity to compel arbitration, when the union has breached its duty of fair representation by acting in bad faith. *Runski v. AFSCME, Local 2500,* 142 Pa.Cmwlth. 662, 666–670, 598 A.2d 347, 349–50 (1991). Moreover, a public employees' union can be held liable to its members only for acts of bad faith, and not for negligence in processing a grievance. *Id.* at 670, 598 A.2d at 351. The only exception to this general rule is where the employee can show by specific facts that the employer actively participated in the union's bad faith or conspired with the union to deny the employee his rights under the collective bargaining agreement; only in these limited circumstances may an equity court award an aggrieved employee damages. *Id.* at 668, 598 A.2d at 350. *See also Martino, supra,* 505 Pa. at 391, 480 A.2d 242; *Ziccardi v. Com. of PA, Dept of Gen. Serv.,* 500 Pa. 326, 456 A.2d 979 (1982); *Falsetti v. Local Union No. 2026, United Mine Wkrs.,* 400 Pa. 145, 161 A.2d 882 (1960); *Hughes v. Council 13, AFSCME,* 157 Pa.Cmwlth. 96, 629 A.2d 194 (1993).

 Although we are unaware of any caselaw which addresses the specific fact pattern of this case (union member seeking damages against union for breach of contract, breach of fiduciary duty, and breach of the duty of fair representation) it is clear that, under PERA, a public employee's remedies against his/her union are limited. As noted *supra,* a public employee's sole remedy in the courts is an action against the union for breach of its duty of fair representation when the union acts in bad faith. We conclude, therefore, that the trial court correctly dismissed appellant's causes of action for breach of fiduciary duty and breach of contract, as they are not cognizable under PERA. With respect to appellant's bad faith claim, we likewise find that the trial court correctly dismissed this count. Although an aggrieved employee possesses a cause of action for bad faith under PERA, appellant has failed to plead any facts, despite having been given four opportunities to do so, which would, if proven at trial, establish that the unions acted in bad faith or that the School District

actively participated in the unions' alleged bad faith. Appellant insists that bad faith is a state of mind, and thus, may be pled generally. However, her failure to plead any material facts upon which a claim of bad faith could be based is fatal to her cause of action. *See Ammlung v. City of Chester,* 224 Pa.Super. 47, 302 A.2d 491 (1973) (although state of mind may be pled generally, material facts constituting the conduct of a defendant must also be pled).[3] Having found no error on the part of the trial court, we will affirm its order sustaining appellees' preliminary objections and dismissing appellant's complaint with prejudice.

Order affirmed.

---

3. We finally note that appellant's complaint does not indicate whether she has exhausted her administrative claims against the unions. *See Campanaro v. Pennsylvania Electric Co.,* 440 Pa.Super. 519, 656 A.2d 491 (Pa.Super. Feb. 10, 1995) (failure to exhaust administrative remedies for a particular claim precludes plaintiff from later asserting that same claim in a lawsuit).