# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Ryan Dudash, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 545 M.D. 2019 |
| | : | Submitted: December 11, 2020 |
| Commonwealth of Pennsylvania | : | |
| and Council 13, American Federation | : | |
| of State, County and Municipal | : | |
| Employees, AFL-CIO, Local 1816, | : | |
| Respondents | : | |

BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
HONORABLE P. KEVIN BROBSON, Judge[1]
HONORABLE CHRISTINE FIZZANO CANNON, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                                    **FILED:  December 29, 2021**

Before the Court in our original jurisdiction are two sets of preliminary objections filed by Respondent Commonwealth of Pennsylvania (Commonwealth) and Respondents Council 13, American Federation of State, County and Municipal Employees, AFL-CIO, Local 1816 (collectively, Union) to Petitioner Ryan Dudash's (Dudash) amended complaint (Amended Complaint).[2]  For the reasons set

---

[1] This case was assigned to the opinion writer prior to January 4, 2021, when Judge Brobson became President Judge.

[2] Dudash initially filed this action in the Court of Common Pleas of Lawrence County (Common Pleas).  Common Pleas, however, sustained the Commonwealth's and the Union's preliminary objections on the issue of jurisdiction and transferred the matter to this Court pursuant to 42 Pa. C.S. § 5103.  Common Pleas did not address the remainder of the Commonwealth's and the Union's preliminary objections but, instead, left them for this Court to decide.  We now address the remainder of those preliminary objections.

forth below, we sustain, in part, and dismiss as moot, in part, the Commonwealth's preliminary objections; we sustain, in part, and dismiss as moot, in part, the Union's preliminary objections; and we dismiss Dudash's Amended Complaint with prejudice.

## I. BACKGROUND

In ruling on preliminary objections, we accept as true all well-pleaded material allegations in the complaint and any reasonable inferences that we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994). The Court, however, is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the complaint. *Id.* We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on the claim, and we must resolve any doubt in favor of the petitioner. *Id.* "We review preliminary objections in the nature of a demurrer under the above guidelines and may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted." *Armstrong Cnty. Mem'l Hosp. v. Dep't of Pub. Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013). We bear in mind that a complaint filed in this Court's original jurisdiction, "is a fact pleading document and detailed factual allegations will generally be required to describe adequately the challenged action." *Off. of Att'y Gen. ex rel. Corbett v. Locust Twp.*, 49 A.3d 502, 507 (Pa. Cmwlth. 2012) (en banc) (quoting *Machipongo Land & Coal Co., Inc. v. Dep't of Env't Res.*, 624 A.2d 742, 746 n.5 (Pa. Cmwlth. 1993), *rev'd on other grounds*, 648 A.2d 767 (Pa. 1994), *vacated in part on reargument on other grounds*, 676 A.2d 199 (Pa. 1996)).

With the above standard in mind, we accept as true the following allegations of the Amended Complaint. The Department of Transportation (Department) hired

2

Dudash in August 2003 as an equipment operator working at its District 11 Office in Lawrence County, Pennsylvania. Soon thereafter, Dudash joined the Union, which had a collective bargaining agreement with the Department. (*See* Am. Compl. ¶¶ 93-94.) In April 2010, Dudash witnessed a job-related accident that resulted in the death of a fellow crew member who was also a close personal friend. After the accident, Dudash experienced mental and emotional issues, including difficulty sleeping, severe anxiety, and panic attacks. Over a period of years, Dudash's physical and mental health issues became more severe, and he was diagnosed with Post-Traumatic Stress Disorder (PTSD). Thereafter, in February 2013, the Department granted Dudash's request for intermittent leave pursuant to the Family and Medical Leave Act of 1993 (FMLA),[3] so that he could receive medical treatment for his PTSD.

In December 2013, Dudash experienced events while working for the Department that triggered his PTSD, causing him to use two weeks of his FMLA leave. At various times thereafter, beginning on January 8, 2014, Dudash attempted to return to work but was prevented from doing so by the Department for various reasons. Dudash contends that the Department's refusal to allow him to return to work was a violation of the "employment contract" and "various agreements." (Am. Compl. ¶ 53.) At some point in the Spring of 2014, Dudash raised concerns

---

[3] 29 U.S.C. §§ 2601, 2611-2620, 2631-2636, and 2651-2654. The FMLA grants eligible employees the right to take up to twelve work weeks of leave during a twelve-month period for various reasons, including, *inter alia*, "a serious health condition that makes the employee unable to perform the functions of [his] position." *Id.* § 2612(a)(1)(D). An eligible employee may be entitled to take FMLA leave intermittently. *See id.* § 2612(b). The phrase "intermittent leave" is defined as "leave taken in separate periods of time due to a single illness or injury, rather than for one continuous period of time, and may include leave of periods from an hour or more to several weeks." 29 C.F.R. § 825.102. At the end of the leave period, the employee has the right to be restored to his former position or an equivalent position. 29 U.S.C. § 2614(a)(1).

with the Department about the use of his FMLA leave, seeking instead to use unpaid leave, but the Department indicated that "there is no unpaid leave codes with benefits." (Am. Compl. ¶ 62.)

On June 3, 2014, before he had been called to return to work, Dudash became very ill and required a physician's care. At that time, Dudash's treating physician provided him with a medical excuse to be off from work until July 6, 2014. The Department "provisionally approved" the leave "as extended FMLA" leave. (Am. Comp. ¶ 83.) Dudash protested the Department's use of his FMLA leave for this period of absence, contending that this medical condition was not related to his original FMLA condition. The Department directed Dudash to provide FMLA paperwork for an extension so it could determine if his condition was related to any symptoms from his previous physician's diagnosis, but Dudash denied that it was related. The Department also informed Dudash that he had exhausted his regular FMLA time, but that, if the reason he remained off work was related to the original reasons he was on FMLA leave, an extension of his FMLA benefits could be applicable. Dudash did not complete the requested FMLA paperwork and returned to work on July 6, 2014.

On August 1, 2014, the Department notified Dudash that he was to attend a pre-discipline hearing. At the pre-discipline hearing, the only question that the Department asked Dudash was why he did not submit the paperwork for an FMLA extension. Dudash replied that he had been informed that the FMLA extension was "not applicable" and that he was not able to file another FMLA request. (Am. Compl. ¶ 89.) Following the pre-discipline hearing, the Department suspended Dudash without pay effective August 5, 2014, and later terminated his employment

4

effective August 25, 2014, for allegedly missing work from June 5, 2014, to July 4, 2014, without permission.

On September 19, 2018, Dudash filed his Amended Complaint, setting forth four causes of action against the Commonwealth and/or the Union. In Count I, Dudash alleges that the Commonwealth breached an unspecified contract between him and the Commonwealth because the Commonwealth could only terminate him for cause and the proffered cause of his termination was demonstrably false. Dudash further alleges that the Union materially breached an unspecified contract between him and the Union by failing to adequately represent him and facilitating his unjust termination. In Count II, Dudash claims that the Commonwealth and the Union engaged in fraudulent and/or negligent misrepresentation, upon which he reasonably relied. In Count III, Dudash alleges that the Union negligently represented his interests, which led to the Commonwealth's termination of his employment. In Count IV, Dudash claims that the Commonwealth violated the FMLA by terminating his employment.

The Commonwealth, in response to the Amended Complaint, filed six preliminary objections that are relevant here.[4] First, the Commonwealth avers that the state law claims against it—*i.e.*, breach of contract and fraudulent and/or negligent misrepresentation—are legally insufficient because they are barred by the doctrine of sovereign immunity. Second, the Commonwealth contends that Dudash's Amended Complaint should be dismissed in its entirety due to his failure to effectuate proper service. Third, the Commonwealth argues that the Amended

---

[4] As discussed previously, the Commonwealth also filed another preliminary objection challenging Common Pleas' jurisdiction. Common Pleas sustained that preliminary objection and transferred the matter to this Court pursuant to 42 Pa. C.S. § 5103. That preliminary objection is, therefore, not relevant here.

5

Complaint should be dismissed for failure to conform to law or rule of court, because Dudash failed to attach a copy of the alleged contract between Dudash and the Commonwealth to his Amended Complaint in violation of Pennsylvania Rule of Civil Procedure 1019. Fourth, the Commonwealth avers that Dudash failed to set forth a cognizable breach of contract claim against the Commonwealth because an employee cannot maintain a cause of action against his employer for breach of contract when the employment relationship is governed by a collective bargaining agreement. Fifth, the Commonwealth contends that Dudash failed to exhaust full, complete, and adequate non-statutory remedies—*i.e.*, the grievance process. Sixth, the Commonwealth contends that Dudash failed to state a timely and cognizable claim under the FMLA against the Commonwealth.

The Union also filed preliminary objections to the Amended Complaint, contending that Dudash failed to plead sufficient facts in support of his claims against the Union for breach of contract, fraudulent and/or negligent misrepresentation, and negligence. The Union further contends that Dudash failed to state legally cognizable claims against it for breach of contract, fraudulent and/or negligent misrepresentation, and negligence. To the extent that Dudash has raised a claim against the Union for breach of the duty of fair representation, which the Union suggests is the only claim that Dudash could possibly maintain against it, the Union argues that such a claim is factually insufficient. The Union also contends that any tort claims that Dudash has filed against it are barred by the expiration of the statute of limitations.[5]

---

[5] Like the Commonwealth, the Union also filed a preliminary objection challenging Common Pleas' jurisdiction. Again, that preliminary objection is not relevant here.

6

## II. DISCUSSION

First, we will address the Commonwealth's preliminary objection on the basis of sovereign immunity. The Commonwealth argues that Dudash's breach of contract and fraudulent and/or negligent misrepresentation claims are legally insufficient because the Commonwealth is entitled to sovereign immunity—*i.e.*, none of Dudash's claims fall within any of the exceptions to sovereign immunity and, therefore, immunity has not been waived for the Commonwealth. Dudash counters that it is procedurally premature to review the Commonwealth's sovereign immunity argument because the Commonwealth should have raised it as an affirmative defense in its answer to Dudash's Amended Complaint. Dudash does not, however, address the merits of the Commonwealth's assertion of the sovereign immunity defense.

"Article I, Section 11 of the Pennsylvania Constitution[6] provides that the Commonwealth and its agents may only be sued in the manner, in the courts, and in cases specified by the General Assembly." *Dorfman v. Pa. Soc. Servs. Union-Loc. 668 of Serv. Emps. Int'l Union*, 752 A.2d 933, 937 (Pa. Cmwlth. 2000). "The General Assembly has specified that the Commonwealth and its agents remain immune from suit except when immunity is specifically waived." *Id.* This immunity extends to claims for intentional torts. *See Robles v. Pa. Dep't of Corr.*, 718 A.2d 882, 884 (Pa. Cmwlth. 1998). The General Assembly, however, has specifically waived immunity for damages arising out of the negligent acts of Commonwealth agencies and employees if, *inter alia*, such damages were caused

---

[6] Article I, Section 11 of the Pennsylvania Constitution provides "[a]ll courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct." Pa. Const. art. I, § 11.

7

by: (1) vehicle liability; (2) medical-professional liability; (3) the care, custody, or control of personal property; (4) Commonwealth real estate, highways, and sidewalks; (5) potholes and other dangerous conditions; (6) the care, custody, or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. 42 Pa. C.S. § 8522(b). The General Assembly has also waived sovereign immunity for contract claims that fall within the Board of Claims' jurisdiction. *Sci. Games Int'l, Inc. v. Cmwlth.*, 66 A.3d 740, 755 (Pa. 2013). The Board of Claims' jurisdiction is limited, however, and is not implicated here. *See* 62 Pa. C.S. § 1724. Additionally, "the General Assembly has not waived sovereign immunity with respect to claims against the Commonwealth itself." *Dorfman*, 752 A.2d at 937.

Generally, "[s]overeign immunity is an affirmative defense which ordinarily should be raised as new matter[] but may be raised in preliminary objections when to delay a ruling thereon would serve no purpose." *Stackhouse v. Pa. State Police*, 892 A.2d 54, 60 n.7 (Pa. Cmwlth.), *appeal denied*, 903 A.2d 539 (Pa. 2006). This Court has explained that "if the defense of immunity is apparent on the face of the challenged pleading, [it] will be considered on preliminary objection[s] unless the opposing party challenges this procedure by filing preliminary objections to the preliminary objections." *Malia v. Monchak*, 543 A.2d 184, 187 (Pa. Cmwlth. 1988) (footnote omitted); *see also Chester Upland Sch. Dist. v. Yesavage*, 653 A.2d 1319, 1324 n.8 (Pa. Cmwlth. 1994) (noting that "[t]he proper method for challenging the propriety of a preliminary objection is by a preliminary objection to a preliminary objection"); *cf. Farinacci v. Beaver Cnty. Indus. Dev. Auth.*, 511 A.2d 757, 759 (Pa. 1986) (holding that filing of brief arguing against defendants' preliminary

8

objections instead of filing preliminary objections to defendants' preliminary objections was procedurally erroneous).

Here, Dudash waived his right to object to the Commonwealth's preliminary objection based on sovereign immunity because he did not file a preliminary objection to the Commonwealth's preliminary objection. *See Malia*, 543 A.2d at 187. We consider Dudash raising the matter only in his brief procedurally erroneous. *See Farinacci*, 511 A.2d at 759. Notwithstanding this procedural error, however, we disagree with Dudash that this Court cannot consider the Commonwealth's sovereign immunity defense at the preliminary objection stage of this litigation, because to delay a ruling on this issue until the Commonwealth files an answer to Dudash's Amended Complaint would serve no purpose. *See Stackhouse*, 892 A.2d at 60 n.7. While there may be exceptions under which Commonwealth parties, such as the Department, would not be entitled to sovereign immunity due to the General Assembly's waiver thereof, those exceptions do not apply to the Commonwealth. Additionally, to the extent that Dudash has set forth causes of action for breach of contract and fraudulent and/or negligent misrepresentation against the Department directly, none of the exceptions to sovereign immunity apply. Thus, Dudash's claims for breach of contract and fraudulent and/or negligent misrepresentation against the Commonwealth must fail. We, therefore, sustain the Commonwealth's preliminary objection and dismiss Counts I and II of the Amended Complaint as to the Commonwealth.

Next, we will address the Union's preliminary objection on the basis that Dudash has failed to state legally cognizable claims against the Union for breach of contract, fraudulent and/or negligent misrepresentation, and negligence. The Union contends that Dudash cannot maintain his breach of contract, fraudulent and/or

9

negligent representation, and negligence claims against it because the law does not recognize claims of this nature based on a collective bargaining agreement—in this case, the collective bargaining agreement between the Department and the Commonwealth. The Union further contends that the only claim that Dudash could possibly bring against it would be a claim for breach of the duty of fair representation, which, the Union asserts, Dudash has failed to set forth in his Amended Complaint. In response, Dudash does not appear to dispute that he cannot maintain a cause of action against the Union for breach of contract, fraudulent and/or negligent misrepresentation, or negligence. Rather, Dudash contends that, contrary to the Union's assertions, he has set forth a legally cognizable claim against the Union for breach of the duty of fair representation/bad faith.

In support of its position that the only cause of action that Dudash could possibly maintain against it is a breach of the duty of fair representation, the Union directs our attention to *Waklet-Riker v. Sayre Area Education Association*, 656 A.2d 138 (Pa. Super.), *appeal denied*, 668 A.2d 1136 (Pa. 1995).[7] In *Waklet-Riker*, the appellant, who was furloughed by the school district when her position was eliminated, filed multiple grievances, and her unions represented her in the subsequent arbitration. *Waklet-Riker*, 656 A.2d at 139-40. The unions, however, failed to follow the procedures of the collective bargaining agreement and failed to provide the school district with adequate and timely notice of their intent to proceed to arbitration, so the arbitrator dismissed the appellant's claims. *Id*. at 140. The appellant filed an action against her unions, seeking damages for the representation that she received during the grievance and arbitration proceedings and alleging

---

[7] While we recognize that Pennsylvania Superior Court cases are not binding on this Court, such cases "offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

10

causes of action against the unions for breach of fiduciary duty, breach of contract, and bad faith. *Id.* The unions filed preliminary objections to the appellant's complaint, which the trial court granted. *Id.*

The appellant appealed the trial court's decision to the Pennsylvania Superior Court, which affirmed. In so doing, the Superior Court explained:

> [T]he facts of this case implicate the Public Employe Relations Act ([]PERA[]), [Act of July 23, 1970, P.L. 563, *as amended*,] 43 P.S. §[§] 1101.101[-.2301]. Section 903 of PERA requires that all disputes or grievances arising out of the interpretation of the provisions of a collective bargaining agreement be submitted to arbitration. 43 P.S. § 1101.903. Here, [the unions] are parties to the collective bargaining agreement and are [the] appellant's exclusive bargaining representative thereunder. Furthermore, the essence of [the] appellant's claims involve the terms and conditions which were bargained for by the . . . unions, and which were allegedly not followed by them in pursuing [the] appellant's grievance. Thus, the present dispute arises out of the interpretation of the collective bargaining agreement, and we must examine the provisions of PERA to determine what relief is available to [the] appellant.
>
> Under [Section 903 of the] PERA, "[a]rbitration of disputes or grievances arising out of the interpretation of the collective bargaining agreement is mandatory." 43 P.S. § 1101.903. Relief through the courts is limited. A public employee's sole remedy in the courts, under PERA, is an action in equity to compel arbitration, when the union has breached its duty of fair representation by acting in bad faith. Moreover, a public employees' union can be held liable to its members only for acts of bad faith, and not for negligence in processing a grievance. The only exception to this general rule is where the employee can show by specific facts that the employer actively participated in the union's bad faith or conspired with the union to deny the employee his rights under the collective bargaining agreement; only in these limited circumstances may an equity court award an aggrieved employee damages.

*Id.* at 140-41 (footnotes omitted) (some citations omitted).

Given the Superior Court's holding in *Waklet-Riker*, which we find persuasive here, Dudash's sole remedy before this Court is an action against the Union for

11

breach of its duty of fair representation. Thus, Dudash's claims for breach of contract, fraudulent and/or negligent misrepresentation, and negligence against the Union must fail. We, therefore, sustain the Union's preliminary objection and dismiss Count III of the Amended Complaint in its entirety and Counts I and II of the Amended Complaint as to the Union.[8]

Lastly, we will address the Commonwealth's and the Union's preliminary objections on the basis of the expiration of the applicable statutes of limitations. Given our disposition above, we are left with an FMLA claim against the Commonwealth and, to the extent that Dudash actually raised it in his Amended Complaint, a breach of the duty of fair representation against the Union. The Commonwealth argues that Dudash's FMLA claim is time-barred because Dudash added the claim to his Amended Complaint after the expiration of the applicable statute of limitations. Dudash, on the other hand, contends that this "action was validity [sic] started by writ of summons and open negotiation with both . . . [the] Commonwealth and . . . [the] Union[,] whereby all parties were fully aware of the claim." (Dudash's Br. at 20.)

Similarly, the Union contends that any duty of fair representation claim that Dudash may have raised against it is time-barred, because the writ of summons filed by Dudash on September 22, 2014, did not toll the statute of limitations due to Dudash's failure to effectuate, or even attempt to effectuate, service thereof. The Union further contends that, even if the statute of limitations had been tolled, it would have expired two years later, on September 22, 2016, and Dudash did not file his initial complaint until May 7, 2018. In response, Dudash contends that "the

---

[8] To the extent that Dudash's Amended Complaint can be interpreted to include a claim for a breach of the duty of fair representation against the Union, such claim is discussed more fully below.

record is very clear that [the] Union had actual knowledge of the filing of the [w]rit of [s]ummons and was served a copy of the [w]rit [of summons] on numerous occasions." (Dudash's Br. at 16.) Dudash maintains that "[n]umerous letters and emails were exchanged between [Dudash], [Dudash's attorney], and [the] Union representatives" and, therefore, any attempt to "now claim[] that they lacked knowledge of the [w]rit [of summons] or could not have moved to dismiss it is extremely misleading." (*Id.*)

An action may be commenced by the filing of a praecipe for writ of summons or a complaint. Pa. R.Civ.P. 1007. A timely filed writ of summons that is properly and promptly served will toll the applicable statute of limitations. *Sheets v. Liberty Homes, Inc.*, 823 A.2d 1016, 1018 (Pa. Super. 2003). "[A] writ of summons [will, nevertheless,] remain effective to commence an action [and toll the statute of limitations] . . . if the plaintiff . . . refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Lamp v. Heyman*, 366 A.2d 882, 889 (Pa. 1976). Thus,

> [i]n order to toll the statute of limitations upon the filing of a praecipe for writ of summons, the plaintiff must make "a good-faith effort to effectuate notice of commencement of the action" in order that the plaintiff does not "retain exclusive control over [an action] for a period in excess of that permitted by the statute of limitations."

*Sayers v. Heritage Valley Med. Grp., Inc.*, 247 A.3d 1155, 1161 (Pa. Super. 2021) (second alteration in original) (quoting *Farinacci*, 511 A.2d at 759). The statute of limitations for a willful violation of the FMLA expires three years from "the date of the last event constituting the alleged violation for which such action is brought." 29 U.S.C. § 2617(c)(2). The statute of limitations for a breach of the duty of fair representation is two years. *Casner v. Am. Fed'n of State, Cnty. & Mun. Emps.*, 658 A.2d 865, 870-71 (Pa. Cmwlth. 1995).

13

The last date that Dudash references in his Amended Complaint is August 25, 2014, the date on which the Department terminated his employment. The Department's termination of Dudash's employment is, arguably, the last event that could have constituted a violation of Dudash's FMLA rights by the Commonwealth/Department. Similarly, based on the allegations set forth in the Amended Complaint, that date, or shortly thereafter, is the last date that the Union could have breached its duty of fair representation. Thus, in order to toll the statute of limitations, Dudash would have had three years from August 25, 2014, or until August 25, 2017, to file a praecipe for writ of summons against the Commonwealth/Department, and two years from August 25, 2014, or until August 25, 2016, to file a praecipe for writ of summons against the Union.

There is no dispute that Dudash filed the praecipe for writ of summons against the Commonwealth and the Union on September 22, 2014. Dudash failed, however, to take the necessary steps to preserve the tolling of those statutes of limitations. Dudash did not make any attempt, let alone a good faith attempt, to effectuate service of the writ of summons after it was filed. In fact, the record reflects that Dudash consciously and purposefully chose not to serve the writ of summons on the Commonwealth and the Union:

> At the time of filing the [w]rit [of summons], with [Dudash's] full knowledge and consent, service was initially delayed as [Dudash's] physical, emotional and mental condition, due to the actions and omissions of [the Commonwealth and the Union], were so poor that he was not ready or capable to proceed with litigation including the likelihood of either [the Commonwealth or the Union] taking advantage of the situation and issuance of a rule through mere pracipe [sic] and requiring [Dudash] to relive all the details and the filing of a [c]omplaint at [that] time.

(Dudash's Answer to Union's Preliminary Objections ¶ 49.) While Dudash asserts in his brief to this Court that he exchanged numerous emails and letters with the

14

Commonwealth and the Union that, arguably, included a copy of the writ of summons, Dudash did not, despite being provided with a notice to plead, attach copies of those emails and letters to his answers to the Commonwealth's and the Union's preliminary objections or even state the date on which those letters and emails were exchanged. In other words, the record is devoid of any evidence that could possibly establish that Dudash's actions were anything other than to "serve[] to stall in its tracks the legal machinery he ha[d] . . . set in motion" by the filing of the praecipe for writ of summons. *Lamp*, 366 A.2d at 889. We must, therefore, conclude that the writ of summons that Dudash filed on September 22, 2014, did not effectively toll the applicable statute of limitations.

Our analysis, however, cannot stop there, as we must now look to the filing of Dudash's initial complaint to determine whether that filing was within the applicable statutes of limitations. Dudash did not file his initial complaint until May 7, 2018. We note that this date was approximately eight months after the expiration of the statute of limitations for an FMLA claim and one year and eight months after the expiration of the statute of limitations for a claim for breach of the duty of fair representation. Thus, Dudash's claims for a violation of the FMLA against the Commonwealth and a breach of the duty of fair representation against the Union, to the extent that the Amended Complaint can be interrupted to include such claim, must fail because they are time-barred. We, therefore, sustain the Commonwealth's and the Union's preliminary objections and dismiss Count IV of the Amended Complaint in its entirety, as well as any potential claim that Dudash may have asserted against the Union for a breach of the duty of fair representation.[9]

---

[9] In light of our decision above, we dismiss the Commonwealth's and the Union's remaining preliminary objections as moot.

15

### III. CONCLUSION

For the aforementioned reasons, we sustain, in part, and dismiss as moot, in part, the Commonwealth's preliminary objections; we sustain, in part, and dismiss as moot, in part, the Union's preliminary objections; and we dismiss Dudash's Amended Complaint with prejudice.

P. KEVIN BROBSON, Judge

16

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ryan Dudash,                                     :
                          Petitioner             :
                                                 :
            v.                                   :   No. 545 M.D. 2019
                                                 :
Commonwealth of Pennsylvania                     :
and Council 13, American Federation              :
of State, County and Municipal                   :
Employees, AFL-CIO, Local 1816,                  :
                          Respondents            :


# **O R D E R**


AND NOW, this 29th day of December, 2021, the preliminary objections of Respondent Commonwealth of Pennsylvania are hereby SUSTAINED, in part, and DISMISSED AS MOOT, in part; the preliminary objections of the Respondents Council 13, American Federation of State, County and Municipal Employees, AFL-CIO, Local 1816 are hereby SUSTAINED, in part, and DISMISSED AS MOOT, in part; and Petitioner Ryan Dudash's amended complaint is hereby DISMISSED with prejudice.


_____
P. KEVIN BROBSON, Judge